In the Matter of Acquiring Title by the CITY OF NEW YORK to Certain Real Property Extending Northerly from Eastern Boulevard and Ferris Avenue to the Westerly Pier and Bulkhead Line of the Hutchinson River Near Allerton Avenue for the Hutchinson River Parkway Extension, and a Site Bounded by Edison Avenue, Westbury Avenue, Bradford Avenue and LaSalle Avenue, as a Public Park, in the Borough of the Bronx, City of New York, Excepting Therefrom the Land within Said Property Now Owned by the City of New York and the Land within the Normal Right-of-Way of the New York, New Haven and Hartford Railroad Company, and Right-of-Way of the Interborough Rapid Transit Company, St. Raymond's Cemetery, and the Arrears within the Established Line of Certain Streets, Which Real Property Is Duly Selected as a Site for Park and Parkway Purposes and Approved According to Law.

In the Matter of the Petition of THE PELL ESTATE, INC. (Damage Parcel No. 499).

THE PELL ESTATE, INC., Petitioner, Appellant; THE CITY OF NEW YORK, Respondent.

First Department, October 31, 1941.

*Raphael H. Weissman* of counsel [*Harry Hausknecht*, attorney], for the appellant.

*Daniel M. Cohen* of counsel [*Julius Isaacs* and *Lewis Orgel* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

PER CURIAM. This is an appeal from an order denying a motion sought to be made in condemnation proceedings after the entry of the final decree therein. The petitioner, appellant, was awarded $46,788.75 by the final decree as the owner of a damage parcel. The condemnation proceeding was what is known as a capital project proceeding as distinguished from an assessable improvement proceeding. This distinction is recognized by statute (Administrative Code, § B15–1.0). The relief sought by petition was in effect to compel the payment of the net amount of the award after the deduction of taxes, etc. Two issues are attempted to be raised on this appeal: (1) whether a certain transfer of tax lien might be attacked as void because it contains items which erroneously impose taxes on public streets, and includes same in petitioner's taxes or whether the city might deduct the full amount of the liens; and (2) whether the rate of twelve per cent interest fixed on said tax lien when it was purchased by the city continues after vesting of title in condemnation down to the date of payment.

We think that the condemnation court properly denied the motion, because this petition sought, in effect, a summary direction for payment of the net balance of petitioner's award for damages.

In the case of a capital project proceeding, the statute provides that in default of payment of an award for damage by the city, the owner may sue for and recover the amount due (Administrative Code, § B15–28.0). Petitioner's proper remedy, therefore, was to proceed by plenary action. The application to Special Term did not involve the correction of any part of the condemnation decree. In fact it does not appear that either of the issues now sought to be raised was presented in the condemnation proceedings.

We are required to affirm the order appealed from because the petitioner seeks summary relief instead of proceeding by action. We do not pass on the merits of either of the two disputed issues referred to.

The order should be affirmed, with twenty dollars costs and disbursements.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and CALLAHAN, JJ.

Order unanimously affirmed, with twenty dollars costs and disbursements.