In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for the Brooklyn-Queens Connecting Highway and Parks and Park Additions in the Borough of Brooklyn, City of New York. NEW YORK DOCK COMPANY, Appellant.

NEW YORK DOCK COMPANY, Respondent, *v.* CITY OF NEW YORK, Appellant.

Argued November 29, 1949; decided December 29, 1949.

*Martin A. Schenck, Kenneth W. Greenawalt, Edwin Guest* and *Philip S. Agar* for appellant in proceeding. I. The court erred as a matter of law in holding that the city was free from liability to New York Dock Company, that the elevated roadway constituted a street use, and that there had been no taking of easements. (*United States* v. *Cress,* 243 U. S. 316; *Story* v. *New York Elevated R. R. Co.,* 90 N. Y. 122; *Matter of City of New York* [*East Riv. Drive*], 264 App. Div. 555, 273 App. Div. 884, 298 N. Y. 843; *Muhlker* v. *New York & Harlem R. R. Co.,* 197 U. S. 544.) II. The taking by the city of claimant's easements of light, air and access without compensation violates claimant's rights under the contract clause of the United States Constitution and the Fourteenth Amendment thereto. (*Kane* v. *New York Elevated R. R. Co.,* 125 N. Y. 164.)

*John P. McGrath, Corporation Counsel* (*Harry E. O'Donnell, Reuben Levy, Benjamin Offner* and *Bernard H. Friedman* of

counsel), for respondent in proceeding. I. The evidence amply supports the trial court's finding that the highway improvement will not damage appellant's property. (*Matter of City of New York*, 190 N. Y. 350; *Matter of City of New York* [*Circumferential Parkway*], 265 App. Div. 968, 290 N. Y. 929; *Matter of City of New York* [*Upper N. Y. Bay*], 219 App. Div. 382, 246 N. Y. 1; *Licht* v. *State of New York*, 277 N. Y. 216.) II. The Brooklyn-Queens Connecting Highway is being constructed in part in the bed of Furman Street and in part on newly acquired property to the east, no part of which newly acquired property belonged to appellant. This highway is a public highway, and therefore a permissible street use. Accordingly, any impairment of appellant's property (which abuts on the west side of Furman Street) resulting from the construction and use of the highway is *damnum absque injuria*. (*Story* v. *New York Elevated R. R. Co.*, 90 N. Y. 122; *Lahr* v. *Metropolitan Elevated Ry. Co.*, 104 N. Y. 268; *Pappenheim* v. *Metropolitan Elevated Ry. Co.*, 128 N. Y. 436; *Bohm* v. *Metropolitan Elevated Ry. Co.*, 129 N. Y. 576; *Sauer* v. *City of New York*, 180 N. Y. 27, 206 U. S. 536.)

*John P. McGrath, Corporation Counsel* (*Harry E. O'Donnell, Reuben Levy, Benjamin Offner* and *Bernard H. Friedman* of counsel), for appellant in action. I. Respondent's cause of action rests on allegations that the Brooklyn-Queens Connecting Highway, constructed in the bed of Furman Street, a legally opened public street, is not a permissible street use. Inasmuch as the highway is a street use as a matter of law, the complaint is legally insufficient. (*Story* v. *New York Elevated R. R. Co.*, 90 N. Y. 122; *Lahr* v. *Metropolitan Elevated Ry. Co.*, 104 N. Y. 268; *Pappenheim* v. *Metropolitan Elevated Ry. Co.*, 128 N. Y. 436; *Bohm* v. *Metropolitan Elevated Ry. Co.*, 129 N. Y. 576; *Sauer* v. *City of New York*, 180 N. Y. 27, 206 U. S. 536; *City of Buffalo* v. *New York Central R. R. Co.*, 125 Misc. 801, 218 App. Div. 810; *Park & Sons Co.* v. *National Druggists' Assn.*, 175 N. Y. 1.) II. Every issue raised in the instant complaint was proffered by respondent to the condemnation court and decided on the merits by that court in a proceeding brought by the city for the purpose of carrying out the Brooklyn-Queens Connecting Highway improvement. The final decree in the condemnation

proceeding is therefore determinative of the issues raised in the instant action and is accordingly a complete bar to such action. (*Matter of City of New York* [*Ely Ave.*], 217 N. Y. 45; *Matter of City of New York* [*New St.*], 215 N. Y. 109; *Matter of City of New York* [*Northern Blvd.*], 281 N. Y. 48; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Hellstern* v. *Hellstern*, 279 N. Y. 327; *Slote* v. *Cascade Holding Corp.*, 276 N. Y. 239; *Furman* v. *Furman*, 178 Misc. 582, 262 App. Div. 512, 287 N. Y. 772.)

*Kenneth W. Greenawalt, Martin A. Schenck* and *Philip S. Agar* for respondent in action. I. The complaint states a cause of action. The courts below properly denied defendant's motion to dismiss for insufficiency. (*Locke* v. *Pembroke*, 280 N. Y. 430; *Scholen* v. *Guaranty Trust Co.*, 288 N. Y. 249; *Matter of City of New York* [*East Riv. Drive*], 264 App. Div. 555, 273 App. Div. 884, 298 N. Y. 843.) II. The condemnation order of dismissal is not *res judicata* herein. The courts below properly denied defendant's motion to dismiss on that ground. (*Sielcken-Schwarz* v. *American Factors, Ltd.*, 265 N. Y. 239.)

FULD, J. The City of New York in 1946 instituted condemnation proceedings in the Supreme Court of the State of New York, Kings County, seeking to acquire real property on the east side of Furman Street in Brooklyn. This property was needed for the construction of a link in the Brooklyn-Queens Connecting Highway which, at this point, is elevated and cantilevered over the bed of Furman Street. The New York Dock Company, owner of almost all of the land between the west side of Furman Street and the East River, filed a claim for damages in those proceedings, asserting that construction of the structure would constitute an " interference " with " easements of light, air, and access " appurtenant to its land.

The court entertained the Dock Company's claim, took extensive testimony, which fills four volumes of over 1,800 printed pages, viewed the property and received a large number of exhibits. After all the proof had been heard and weighed, the claim was dismissed on the merits upon two grounds: first, the improvements were for street purposes and the city had the " right to use the bed of Furman Street " for such purposes " without incurring any liability to the New York Dock Com-

pany " and, second, in any event, " the improvement * * *
not only does not damage claimant's properties but will confer
a distinct benefit."

There is more than ample evidence in the record before us
to support the court's findings, and, since the Appellate Division
has upheld them, they are decisive, and an affirmance in
this court necessarily follows.

In view of that disposition, and since the Supreme Court
had unquestioned jurisdiction to entertain the condemnation
proceedings and to dispose of the Dock Company's claim upon
the merits (see, e.g., *Matter of City of New York [East
Riv. Drive]*, 298 N. Y. 843, affg. 273 App. Div. 884, 264 App.
Div. 555; cf. *Sauer* v. *City of New York,* 180 N. Y. 27, 30–31,
affd. 206 U. S. 536; *Matter of Board of R. T. R. R. Comrs.,*
197 N. Y. 80, 99), the decree in condemnation is conclusive upon
all points at issue between the parties. Consequently, the
equity suit which the Dock Company later instituted for an
injunction against the construction or use of the roadways
above Furman Street or, in the alternative, for money damages,
was barred under settled principles of *res judicata.*
(See, e.g., *Slote* v. *Cascade Holding Corp.,* 276 N. Y. 239, 244–
245; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y.
304, 307; see, also, 2 Lewis on Eminent Domain [1909], § 893.)
The motion by the city to dismiss the complaint upon that
ground should therefore have been granted.

The order of the Appellate Division in the condemnation
proceeding should be affirmed, with costs in this court.

The orders in the equity suit should be reversed and the complaint
dismissed, with costs to the city in all courts, the first
question certified answered in the negative and the second
question certified not answered.

Loughran, Ch. J., Lewis, Conway, Desmond, Dye and Bromley,
JJ., concur.

In proceeding: order affirmed.
In action: orders reversed, etc.