In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Bounded by East 149th Street and Other Streets in the Borough of The Bronx, as a Site for Lincoln Hospital and New Health Center. MICHAEL SQUITIERI et al., Respondents.— Order, Supreme Court, Bronx County, entered on or about October 27, 1971, granting claimants-respondents' motion to reopen the final decree in a condemnation proceeding and amending it by increasing the rate of interest on the claimants' award, reversed, on the facts and the law, without costs and without disbursements, and the motion denied. Claimants did not appeal from the final decree. A final decree in condemnation, unless set aside or reversed on appeal, is final and conclusive upon the parties to the proceeding. (*Matter of City of New York [Brooklyn-Queens Highway]*, 300 N. Y. 265, 269.) The final decree may not be altered by the trial court to correct error in the trial or to meet some equity raised after judgment, except in the circumstances mentioned in CPLR 5015. (*Matter of Huie [Furman]*, 20 N Y 2d 568, 572; *Herpe* v. *Herpe*, 225 N. Y. 323, 327.) Claimants' motion to reopen the final decree was based on the subsequent approval by the Court of Appeals of a 6% rate of interest and the theory that the city discriminates by paying interest at such rate only to those condemnees in this proceeding who appealed from the final decree. Neither circumstance is a valid basis for granting relief from the final decree under CPLR 5015. Concur— Stevens, P. J., McNally and Eager, JJ.; Nunez and Murphy, JJ., dissent in the following memorandum by Murphy, J.: We disagree. Title to the claimants' property vested July 18, 1966. The final decree was filed January 8, 1969 and awarded claimants $19,500 with interest at 4% and denied their application for interest at 6%. On May 14, 1970 the Court of Appeals in *Matter of City of New York (Manhattan Civic Center)* (27 N Y 2d 518) approved the allowance of 6% interest effective August 1, 1966, on awards made in that proceeding. The city thereupon, in this proceeding, reopened and corrected the final decree to pay an additional 2% to the 67 claimants who had filed notices of appeal. The appeals had never been perfected and for the ministerial act of the filing of the notice of appeal they were rewarded with an extra 2%. Special Term properly noted that it was the obligation of the city condemnor to pay the proper lawful interest upon the award and that although the awards vary the interest rate should not. The theory that private property shall not be taken for public use without just compensation should be a reality to these litigants who are before the court through no fault of theirs. The city chooses those to whom it will pay the extra 2% on the basis of a bare notice of appeal, as here, or as in other cases where it was preserved by "discussions" on or off the record, as in Matter of City of New York (Washington Urban Renewal Project), New York County Clerk Index No. 40347–1965. Property rights are not so determined. All have

the same right to just compensation which includes 6% interest from August 1, 1966. (See *Matter of City of New York* [*Manhattan Civic Center*], *supra*; *City of Buffalo* v. *Clement Co.*, 28 N Y 2d 241.) The final decrees have been altered for the many "fictions" set forth above by the city to pay some and save on others. Failure to pay here is unlawful, arbitrary and discriminatory. A further correction of the final decree under these circumstances was therefore properly mandated. Accordingly, the order appealed from should be modified only to the extent of striking July 18, 1966, and inserting August 1, 1966 for the beginning of this interest, and otherwise affirmed.