■ BRADY-STANNARD MOTOR CO., INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 49685.) — Appeal from a judgment, entered July 29, 1970, upon a decision of the Court of Claims. Claimant was the owner of 2.9 acres of land consisting of an L-shaped parcel situate on the north side of Route 22 in the Town of Southeast, Putnam County, at the point where Route 6 dead-ends into Route 22. The property fronted on Route 22 and, with the improvements thereon, was used by claimant to conduct an automobile sales and service agency. On December 6, 1967 the State appropriated, without access, 1.6 acres of land at the rear of the property. Approximately one third of the taking was level, filled land and the remaining consisted of low, wet, wooded land considerably below grade sloping downward to the Croton River which marked a northerly boundary of claimant's property. Appraisers for both parties, and the court, found the highest and best use of claimant's property before and after the taking to be that for which it was being used, i.e., a commercial use. The court also found a before value of $45,000 per acre for the direct taking of the usable portion not requiring improvement, and $21,300 as consequential damages to buildings and land improvements. None of these findings are challenged on appeal. The only issue before this court is the validity of the use of the "bands of valuation" approach to value and the finding of a different value for the 1.135 acres of land at the rear of claimant's property which necessitated fill to make it usable. A value of $6,500 per

acre ($.15/sq. ft.) was assigned to this portion as opposed to $45,000 per acre ($1.03/sq. ft.) to the improved portion. Claimant contends an award of a different unit value for separate parts of a single tract with a single highest and best use is erroneous and cites *Acme Theatres* v. *State of New York* (26 N Y 2d 385). The inconsistency found by the Court of Appeals in *Acme* is not before us in the case at bar. The claimant in *Acme* sought damages for buildings taken which had been used for one highest and best use, while seeking an award for the land as if it had a different highest and best use which would have required demolition of those buildings. In the instant case the "bands of valuation" approach was employed on the basis of a difference in quality of land with the same highest and best use and, absent any involvement with improvements, is proper. (*Acme Theatres* v. *State of New York*, 385, 388–389, *supra.*) Furthermore, such a method of valuation has been used to establish value for land taken along a highway or a city street, and the result herein is consistent with the principles set forth in prior case law (*Matter of City of New York* [*Fourth Ave.*], 255 N. Y. 25, mot. for rearg. den. 255 N. Y. 602, cert. den. *sub nom. Parlex Holding Corp.* v. *New York City*, 283 U. S. 860; *Remsen* v. *State of New York*, 33 A D 2d 615, affd. 30 N Y 2d 688; *Barmann* v. *State of New York*, 28 A D 2d 938). The award made is within the range of testimony and is supported by the evidence and adequately explained by the trial court (*Spyros* v. *State of New York*, 25 A D 2d 696; *Conklin* v. *State of New York*, 22 A D 2d 481, 483). Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.