■ 124 FERRY ST. REALTY CORPORATION, Appellant-Respondent, v STATE
OF NEW YORK, Respondent-Appellant. (Claim No. 50765.)—Cross appeals
from a judgment in favor of the claimant, entered January 21, 1974, upon a
decision of the Court of Claims awarding claimant damages in the amount
of $506,184 for the appropriation of its land for highway purposes. The State
has abandoned its cross appeal, leaving only the claimant's appeal for our
consideration. On the date of this entire taking by the State of claimant's
land, containing .941 acre situated on Ferry Street in the City of Troy, New
York, the front portion of said parcel was improved with a gasoline service

station, and the rear portion with an automatic car wash located behind and adjacent to the gas station area. The Ferry Street frontage was zoned for business to a depth of 100 feet and a special permit for a gas station had been issued for that portion. The remaining land was zoned light industrial, which permitted a car wash operation. All of the appraisers agreed and the court found that the highest and best use of the property before the taking was its current commercial use as a gasoline station and car wash. The primary issue presented on this appeal is whether the trial court was justified in evaluating the front and rear portions of the parcel separately although the entire parcel's highest and best use was determined to be a single joint commercial use. We believe that it was. Claimant's appraiser employed a single unit of valuation for the entire tract, based on a combination single highest and best use. By means of the interpolation of comparable sales the State's appraisers determined that the rear land used for the car wash operation had a lesser value than the front portion used for gas station purposes. The court, noting that the evidence indicated the two uses were separate, both as to personnel and operation, and that the zoning patterns and comparables indicated a higher unit value for the frontage land than the rear land, arrived at a value for the gas station area of $5 per square foot and $3 per square foot for the car wash area. The assignment of different values to separate segments of a single tract with a single highest and best use, when based on a difference in quality and location of land, is a proper method of valuation. (See *Brady-Stannard Motor Co. v State of New York,* 43 AD2d 994.) The court's determination to divide the parcel taken into two segments for valuation purposes was a factual finding, well supported by the record and should not be disturbed. We find no merit in claimant's other contention that the finding of $5 per square foot for the value of the gas station area was below the true range of testimony. The court in a detailed and comprehensive decision set forth clearly and fully explained the manner in which it proceeded to its eventual determination. From an examination of the evidence adduced by both parties, we conclude that the award and its various components are within the range of expert testimony and there is sufficient credible evidence to sustain the trial court's determination. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.