■ ONEONTA CENTER ASSOCIATES, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 57203.)—Appeal from a judgment, entered July 11, 1975, upon a decision of the Court of Claims. Claimant was the owner of approximately 23.5 acres of land on the south side of Route 7 in the Town of Oneonta when, on November 13, 1970, the State appropriated approximately 12.832 acres thereof, pursuant to section 30 of the Highway Law, for the construction of an interstate highway. Although there was a shopping center with four tenants on the front portion of the property bordering Route 7, only a small part of the taking containing leach beds for the sewerage system was from this area and the rest of the appropriation was from the rear section of the property, which was undeveloped and sloped considerably downward to Delaware & Hudson Railroad tracks. The appraisers for both parties agreed that the highest and best use of the property was as a shopping center. However, while claimant's expert arrived at a unit value of $12,865 per acre for the entire parcel, the appraiser for the State found that the rear undeveloped area had only a limited commercial development use because of problems of access and topography. Accordingly, he valued the front acreage at $10,700 per acre and the rear acreage at $800 per acre. In its decision, the court found the highest and best use of the property to be as a shopping center with excess acreage. Rejecting the claimant's appraisal as based upon improper valuation methods, it adopted the State's differing valuations for the front and rear acreage and granted claimant a total award of $31,200 in direct damages for the land and improvements appropriated. This appeal ensued. We find that the judgment of the Court of Claims must be affirmed. The bands of valuation approach advocated by the State and adopted by the court is justified in this instance because of the differences in quality and location of the front and rear segments of claimant's parcel *(124 Ferry St. Realty Corp. v State of New York,* 48 AD2d 959, mot for lv to app den 38 NY2d 705; *Brady-Stannard Motor Co. v State of New York,* 43 AD2d 994). Moreover, the record is devoid of evidence that claimant planned to expand the shopping center, and the court properly denied consequential damages for the frustration of future expansion as speculative and nonfactual *(Specialty Foods Corp. v State of New York,* 46 AD2d 989, app dsmd 37 NY2d 751; *Frontier Town Props. v State of New York,* 36 AD2d 148, affd 30 NY2d 892). As for the

court's final determination of value and damages, it fully and adequately explains in its decision its reasons for both the variation from the State's appraisal and the rejection of claimant's appraisal, and its determination is supported by the evidence (cf. *Rozen v State of New York,* 52 AD2d 697). Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.