RICHARD L. LEWIS, an Infant, et al., Appellants, v JEWISH GUILD FOR THE BLIND et al., Respondents.—In an action, *inter alia,* to recover damages predicated upon an alleged conspiracy to deprive the infant plaintiff of an education and the benefits of defendants-respondents' charitable services, plaintiffs appeal from an order of the Supreme Court, Queens County, dated March 4, 1975, which denied their postjudgment motion for a new trial. Order affirmed, without costs or disbursements. Plaintiff Richard Lee Lewis suffers from the twin handicap of being blind and emotionally disturbed. The record reveals an unfortunate account of a child whose emotional handicap frustrated what apparently scarce resources were available to deal with the primary physical handicap of blindness. Plaintiffs commenced this action alleging that defendants, three charitable institutions, were involved in a malicious conspiracy, or "nefarious scheme", to deny the child educational and rehabilitative services. Plaintiffs sought, *inter alia,* 6 cents compensatory damages and $1,000,000 punitive damages. The trial court dismissed the complaint after plaintiffs rested for failure to establish a prima facie case and, subsequently, plaintiffs' appeal to this court was withdrawn at their express insistence. Thereafter, the plaintiffs returned to Special Term and made a motion for a new trial pursuant to CPLR 5015. Special Term denied the motion and plaintiffs have appealed to this court. On the appeal, plaintiffs' main contention is that the trial court was biased and prejudiced against them and, hence, denied them their right to a fair trial. In our view, the plaintiffs have failed to preserve this issue and cannot

properly raise it at this time. Once the appeal was withdrawn, plaintiffs could be relieved from the judgment upon the grounds specifically enumerated in CPLR 5015, i.e., lack of jurisdiction, newly discovered evidence, fraud or misrepresentation by adverse parties, etc. (see *Matter of Huie [Furman],* 20 NY2d 568, 572; *Herpe v Herpe,* 225 NY 323, 327; *Matter of City of New York [Squitieri],* 39 AD2d 669; *Parker v McMahon,* 53 AD2d 1034). The bias or prejudice of the trial court is not one of the specified grounds. We agree with Special Term that the plaintiffs have failed to establish either newly discovered evidence or fraud by adverse parties within the meaning of CPLR 5015 sufficient to justify a new trial. We note further that we have reviewed the entire record, and find no justification for the contention that the trial court was biased or prejudiced against the plaintiffs. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.