■ MANNIE A. SHAPIRO, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 53745.)—Cross appeals from a judgment,

entered October 1, 1975, upon a decision of the Court of Claims which awarded claimant damages in the amount of $278,125 with interest from October 28, 1970 for the taking of a part of his property located in the Town of East Fishkill. Claimant owned 26.499, plus or minus, acres of land of which 13.902 acres were taken pursuant to section 30 of the Highway Law for an expanded State highway. The appropriation included the entire frontage on Route 52 with 126 feet of frontage on Palen Road remaining after the taking. The land was zoned residential R-3 with a B-1 commercial zoning imminent. The court found that the purchase as set in a contract of sale signed some five years before the taking was a proper basis for valuing the land before taking. The court divided the purchase price of $200,000 by the number of acres, applied a 10% increment per year and found the before taking value to be $11,350 per acre. Direct damages were given in this amount for the 14 acres appropriated. The court found that the 12.5, plus or minus, acres remaining had a $1,800 per acre value because of the appropriation. Consequential damages were awarded for the difference between $1,800 and $11,350. The total award was $278,125. Claimant raises the question on this appeal as to whether it was proper for the trial court to rely on the sale price of the subject premises established in a sales contract some five years before the appropriation as a guide in determining damages to be awarded to the claimant. As a corollary to this issue, claimant raises the dual questions of the relevance of this price in view of significant changed economic circumstances in the area and the increased probability of rezoning for commercial use of the property. The evidence supports the reliance of the court on this price for value before taking. The purchase price was set in 1965 in the course of an arm's length transaction of recent enough vintage to justify its admission. It was evident, too, that the purchase price paid by claimant included consideration of the R-3 zoning of the property and that the probability of rezoning was a factor considered by the parties to the contract in reaching agreement on the purchase price. Claimant urges that heavy reliance on the sales price to the exclusion of other factors was not justified in view of the fact that the economic development in the area of the property had changed drastically. The burden of proof is upon a claimant who urges on the court special circumstances which would negate use of a prior arm's length purchase price. The court found such special circumstances not to have been established. The economic situation in this case although changing cannot be said to be so drastic that the value of the land could not be ascertained by taking the original purchase price and adjusting it for time held. *Columbus Holding Corp. v State of New York* (36 AD2d 674) is inapposite to the facts here established. When claimant purchased the land, the upward price pressures were already in effect and were reflected in the 1965 sales price. The most troublesome aspect of the claimant's contention of error relates to the trial court's failure to consider the obviously vast differences in the varying parts of claimant's land in reaching value. The court merely divided the number of acres into the sales price for the land reflected in the 1965 sales contract. The evidence adduced both by claimant and the State indicate that there is a great difference in the quality of the front acres which were level and very desirable and the 9.5 rear acres which were rocky and of rugged terrain. Valuing different portions of the same parcel of land having the same highest and best use is a valid method because it more accurately reflects the value of the different portions *(Oneonta Center Assoc. v State of New York,* 54 AD2d 993; *124 Ferry St. Realty Corp. v State of New York,* 48 AD2d 959, mot for lv to app den 38 NY2d 705). The court erred in not

taking into consideration these differences in the varying portions of the property. The value of the rugged land, from the evidence adduced, remained static. It was the same before and after the taking. The $325 per acre figure set by claimant's appraiser is reasonable in light of the evidence. For the 9.5 acres, this gives a value of $3,090. The value of the remaining 17 acres is the $200,000 sales price minus $3,090 or $196,000. This is a per acre value of $11,580 as of the time of purchase. Adding to this the 10% a year increment to the land as found by the court, the increment equals $5,740. The 1970 value of the 17 front acres is then $17,320 an acre. The direct damages for the 13.9 acres appropriated by the State is $240,750. Since there was no change from the before to after value of the 9.5 acres, there are no consequential damages for that portion of the land. As to the remaining 3.1 acres found by the court to be commercially developable and which after taking became landlocked, the court correctly found their after value should be the same as that of the rugged 9.5 acres. Since this should have been $325 per acre, the total loss is $52,700. Judgment modified, on the law and the facts, by increasing the amount of damages to $293,450, together with appropriate interest, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.