OPINION OF THE COURT
 

 Jasen, J.
 

 On this appeal, the City of New York (City) challenges the validity of various awards made to claimants for property condemned by the City as part of the College Point Industrial Park Urban Renewal Project.
 

 Claimant, H.G.V. Associates, owned and operated an amusement park in Queens County; other claimants operated amusement rides at the park; and claimant, Adventurers Whitestone Corp., leased and ran a restaurant located at the amusement park. The property was condemned by the City of New York and title vested with the City on April 4, 1974. Pursuant to the order of condemna
 
 *350
 
 tion, a proceeding was commenced in Supreme Court, Queens County, to determine the ownership of the property and the proper compensation to be awarded for the condemned property. The Appellate Division modified only as to two awards and affirmed as to the rest on the basis of the opinion at Supreme Court. The order of the Appellate Division should be affirmed.
 

 The award for the value of claimant’s fee interest was properly formulated by the trial court. As the Appellate Division found, however, H.G.V. Associates is entitled to compensation for those damage parcels located on the former site of Mill Creek and Old Creek. The City did not enter any proof that these damage parcels were part of the creekbeds at the time the City acquired title to the creek as successor in interest to the Town of Flushing. There is, however, ample evidence that these tidal creeks frequently meandered. It would thus be improper to conclude that the creekbed is located on the same property today as when it was originally conveyed to the Town of Flushing pursuant to three colonial patents.
 

 Moreover, the enactment of section D51-48.1 of the Administrative Code of the City of New York in 1956 made this property alienable.
 
 (Matter of City of New York [Mileau Corp.],
 
 72 AD2d 745.) Property owned by the City in its proprietary capacity which is alienable can be conveyed and the City must, when it condemns such property, provide appropriate compensation.
 

 In this case, the claimants produced a deed covering this land. Of course, a deed alone would be insufficient to establish title if the property was, in fact, inalienable because the City held it pursuant to its governmental capacity. Such, however, is not the case here. Pursuant to the enactment of section D51-48.1, the City determined that the property was no longer necessary to the City’s governmental function of controlling tidal waters. Since the property was held by the City in its proprietary capacity, it could be and was declared alienable. As alienable property, it was possible that this land would be conveyed to a private citizen. Claimants having presented a deed to this property, and the City having raised no other objection
 
 *351
 
 to the validity of that deed, it was proper for the Appellate Division to award compensation for those damage parcels located in the dry creekbeds.
 

 Similarly, the Appellate Division correctly modified the decree by increasing the fixture award to Adventurers Whitestone Corporation. The trial court had mistakenly applied this court’s holding in
 
 Rose v State of New York
 
 (24 NY2d 80) and limited the award to reasonable moving expenses. The proper award was the sound value of the fixtures situated on the property condemned by the City.
 
 (Matter of City of New York [Allen St.],
 
 256 NY 236.) It is constitutionally mandated that the sovereign will pay just compensation for property it takes by its powers of eminent domain. “Just compensation is properly measured by determining what the owner has lost.”
 
 (Rose v State of New York,
 
 24 NY2d 80, 87,
 
 supra.)
 
 Thus, a tenant in possession at the time of condemnation is entitled to compensation “for his interest in any annexations to the real property which but for the fact that the real property has been taken, he would have had the right to remove at the end of the lease.”
 
 (Matter of City of New York [Allen St.],
 
 256 NY 236, 243,
 
 supra.)
 
 However, if the tenant chooses to remove the fixtures for use in a new location and properly notifies the condemnor of his intention to remove the fixtures, he is only entitled to an award in the amount of either the difference between salvage value and the present value in place or the cost of removal, whichever is the lesser.
 
 (Rose v State of New York,
 
 24 NY2d 80, 88,
 
 supra.)
 
 Since this tenant did not opt to remove these trade fixtures, he is entitled to compensation in the amount of the sound value of the property condemned by the State. (Schoschinski, American Law of Landlord and Tenant, § 5.33;
 
 Matter of City of New York [Allen
 
 St.],
 
 supra; Matter of City of New York [Whitlock Ave.],
 
 278 NY 276;
 
 United States v General Motors Corp.,
 
 323 US 373;
 
 Matter of City of New York [G & C Amusements],
 
 55 NY2d 353 [decided herewith]; 2 Nichols, Eminent Domain [3d ed], § 5.83 [2].)
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 
 *352
 
 Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed.