■ PHILLIP TANDOI, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. — In a claim to recover damages arising out of the condemnation of property owned by the claimant, the parties cross-appeal from a judgment of the Court of Claims (Silverman, J.), dated January 7, 1980, which awarded claimant the principal sum of $339,000. Judgment affirmed, without costs or disbursements. The subject property is 167.283 acres of land in the Town of Montgomery, Orange County, acquired by the Metropolitan Transportation Authority for Stewart Airport. The tract is located on the westerly side of Barron Road with a frontage thereon of 2,928 feet. The property is zoned I-3 General Industry, and, at the time of acquisition, the owner was developing the property as an industrial park. The appraisers for both parties used the comparable sales method of valuation. The claimant's appraiser used the "band valuation approach", thus acknowledging the differences in quality and location of the 17 acres with frontage on Barron Road, from the rear 150.283 acres with frontage only on internal roads constructed by the claimant (see *Oneonta Center Assoc. v State of New York,* 54 AD2d 993; *Brady-Stannard Motor Co. v State of New York,* 43 AD2d 994). The 17 acres with frontage on Barron Road were valued, as improved, at $7,500 per acre, while the acres to the rear were valued at $3,500 per acre. With respect to the acres to the rear, the claimant's appraiser added an increment of 35% for improvements. The State's appraiser valued the subject property as a whole and concluded that the raw acreage was worth $950 per acre and the improvements worth $9,700. In the opinion of the State's appraiser, the claimant was not entitled to an increment for the system of internal roads, because that improvement did "not demonstrate, at least to this appraiser, any plausible use in a realistic sale plan or use of the property." The State's appraiser also noted that there were adverse topographic conditions, to wit, "large areas of swamp, low lying lands" at the rear of the subject property. At the trial, the claimant acknowledged that "16 or 17 percent of low area" would have to be raised. The Court of Claims took into account the "very speculative nature of the proposed development", but also noted that "the efforts of Claimant vis-à-vis the governmental bodies, and the very real likelihood of further success in those efforts must be incorporated into a proper valuation." Adopting the claimant's "band valuation approach", the court valued the 17 acres with frontage on Barron Road, as improved, but with a discount to account for the fact that subdivision had not been accomplished, at $6,400 per acre (see *Matter of City of New York [Nelkin],*

51 NY2d 921). The 150.283 acres to the rear were valued as raw acreage, at $1,500 per acre. The court refused to add an increment of 35% for improvements with respect to the rear 150.283 acres. The claimant contends that this was error, citing *Matter of County of Suffolk (Firester)* (37 NY2d 649, 652), which held that an increment for improvements may be added to the raw acreage value in a case where there is "no dispute that the most advantageous use of claimant's property at the time of taking was as a potential residential subdivision". However, the increment applied "must be based on sufficient evidence" (*id.*, p 653). It is also well settled that "[a] use which is no more than a speculative or hypothetical arrangement in the mind of the claimant may not be accepted as the basis for an award" (see *Matter of City of New York [Shorefront High School-Rudnick]*, 25 NY2d 146, 149). In the instant case, the Court of Claims, based on evidence in the record, noted that the proposed use was "very speculative". Since the totality of the evidence did not establish that the claimant was entitled to a 35% increment for improvements, the determination of the Court of Claims should not be disturbed (see *Matter of City of New York [Nelkin]*, *supra*). The claimant's contention that the interest on the award of 6% per annum is unreasonable, was not raised in the Court of Claims, and, therefore, has not been preserved for review on appeal. We have considered the parties' other contentions and find them to be without merit. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.