OPINION OF THE COURT .
Meyer, J.
Interest on a condemnation judgment is paid to compensate for delay in payment of the award and is payable at such rate as is fixed by statute. Interest on the value of the property taken is required by the just compensation clauses of the Federal and State Constitutions as a substitute for the beneficial use of the property during the period between the date of the taking and the date of final judgment. It is, nevertheless, payable at the rate fixed by statute unless it is established in the condemnation proceeding that as compared to the prevailing market rate the statutory rate is unreasonable. Plaintiff, having failed to contest the statutory rate in the condemnation proceeding, was entitled only to interest at the statutory rate both pre- and postjudgment, which concededly it has received. The order of the Appellate Division should, therefore, be reversed, with costs, and the complaint dismissed.
I
Plaintiff’s property was taken by the city as part of a capital project on April 4, 1974. During hearings held by Supreme Court, Queens County, in May, September and December 1976, no issue was raised concerning the rate of interest to be paid. Tentative decrees dated September 14, 1978 and November 28, 1978, fixed the value of the property taken, but made no mention of interest. On December 13,1978, the Corporation Counsel was directed to submit a final decree, but no decree was submitted until July 18, 1979. Both parties appealed and on June 8, 1981 the Appellate Division increased the fixture award but *86 otherwise affirmed (82 AD2d 829). On appeal to us, the Appellate Division’s order was affirmed on April 1, 1982 (55 NY2d 345).
On July 12, 1982, the city comptroller offered payment of the principal sum thus fixed, plus 6% interest.[1] Plaintiff responded by letter on July 19, 1982, demanding 9% interest, that rate having been fixed by Supreme Court, Bronx County, in a decision dated August 7, 1981 in Matter of South Bronx Neighborhood Dev. Plan (110 Misc 2d 571), as the fair rate required as of January 1, 1978 to constitute just compensation. The Bronx decree was affirmed by the Appellate Division on September 28, 1982 (89 AD2d 948) and by us (sub nom. Matter of City of New York [.Brookfield Refrig. Corp.], 58 NY2d 532) on May 3, 1983.
On July 21, 1982, plaintiff accepted the city’s vouchers, reserving the right to additional interest as demanded in its previous letter, and on August 12, 1982 filed its notice of claim. Payment having been refused by the city, plaintiff then began this action in Supreme Court, New York County, to recover the difference between 6% and 9% interest from January 1, 1978. The city moved to dismiss the action as barred by res judicata, plaintiff having failed to raise the constitutionality of the interest rate in the Queens County proceeding. Plaintiff cross-moved for summary judgment, arguing that Administrative Code § B15-28.0 (b) authorized its separate action, that the Queens decree made no mention of interest and that the city was not only collaterally estopped but also required as a matter of stare decisis to pay 9% interest from January 1, 1978 as fixed by the Bronx decree. Supreme Court, New York County, denied the city’s motion and granted plaintiff’s cross motion, awarding plaintiff the interest demanded plus attorney’s fees. The Appellate Division modified, on the law, by vacating the award of attorney’s fees but otherwise affirmed (102 AD2d 769), and granted the city’s motion for leave to appeal (CPLR, 5602 [a] [1] [i]).
We conclude (1) that the Constitution requires interest at the prevailing rate only for the period between taking and award and only upon a demonstration that the statutory rate is unreasonably low, (2) that the Administrative Code does not foreclose litigation of the reasonableness issue as part of the condemnation proceeding and (3) that a claimant who fails to litigate the *87 issue in the condemnation proceeding may not maintain an independent action to recover additional interest.
II
There is a material distinction between prejudgment interest and postjudgment interest. Matter of Rochester Carting Co. v Levitt (36 NY2d 264) held that, “Interest accruing prior to the award is payable as a substitute for the beneficial use of real property, and its payment is constitutionally required. Post-judgment interest, by way of penalty or incidental interest, is not constitutionally required, and statutes regulating such interest have as a rule not been deemed to run afoul of the ‘full compensation’ requirement” (36 NY2d, at p 268; accord, Matter of Riccardi v Abrams, 85 AD2d 65, appeal dismissed and lv dismissed 56 NY2d 1033). Thus, postjudgment interest will be increased or decreased from the effective date of a statute changing the applicable rate (Matter of Board of Educ. [Sapsin], 35 AD2d 973 [increase]; Matter of Incorporated Vil. of Hempstead [YMCA of Nassau & Suffolk Counties], 33 AD2d 1036 [increase]; see, Matter of City of New York [Bronx Riv. Parkway], 284 NY 48, remittitur amended 284 NY 701, affd summarily sub nom. A.F. & G. Realty Corp. v City of New York, 313 US 540 [decrease]; People ex rel. Emigrant Indus. Sav. Bank v Sexton, 284 NY 57 [decrease]).
As to prejudgment interest, however, just compensation, under both the 5th Amendment to the Federal Constitution[2] and article I (§ 7 [a]) of the State Constitution,[3] requires not only payment of the value of the property at the time of the taking but also interest on that sum to account for the delay between the taking and the judgment (Matter of City of New York [Brookfield Refrig. Corp.], 58 NY2d 532, 536, supra; City of Buffalo v Clement Co., 28 NY2d 241, 265-266; Matter of City of New York [Bronx Riv. Parkway], 284 NY 48, 54, supra). The amount of interest necessary to bring the payment into accord with the constitutional requirement is a judicial question, although the interest rate fixed by the Legislature will be deemed presumptively reasonable unless the claimant rebuts the presumption with evidence of prevailing market rates establishing that the statutory rate is so “unreasonably low” as not to constitute just compensation (Matter of City of New York [Brookfield Refrig. Corp.], supra, at p 537, and cases cited). But the *88 statutory rate being presumptively reasonable, a claimant who claims to be constitutionally entitled to a higher rate of interest bears the burden of proving the constitutional insufficiency of the statutory rate (see, Heyert v Orange & Rockland Utils., 17 NY2d 352, 364).[4]
Ill
Plaintiff argues that interest did not become an issue until the comptroller failed to apply the 9% rate mandated by the Brook-field Refrig. case to the warrant for its award, that under the New York City Administrative Code it could not have litigated the interest issue in the condemnation proceeding, and that it would be illogical to require it to do so when it could not be known at the time of the trial of the condemnation issues when the award would finally be paid.
The last contention need not long detain us for constitutional interest is, as above noted, payable only for the period from taking to judgment,[5] which in most circumstances will follow soon after conclusion of the trial.
Plaintiff’s argument based on the Administrative Code stems from section B15-28.0 (b), which provides that, “In a capital project proceeding, payment shall be made within two calendar months after the entry of the final decree. In default of such payment, the owners or other persons entitled to be paid in the proceeding may at any time after application first made to the Comptroller therefor, sue for and recover the amount due, with *89 lawful interest, and the costs of such suit.” This, it is contended, clearly contemplates a second, plenary suit in which interest is to be litigated. The difficulty with the argument is that it fails to distinguish between prejudgment constitutional interest, which is part of the award, and postjudgment statutory interest, which is not. The reason for providing for suit on the final decree rather than execution upon the condemnation award is unclear,[6] but the Administrative Code does not proscribe the raising of the constitutional interest rate issue in the condemnation proceeding. That interest is not provided for in the condemnation award and is first added in the comptroller’s warrant is not surprising in light of the presumption that the statutory rate is constitutional and the comptroller’s obligation to proceed according to the statute unless after litigation of the constitutional interest question the court has held otherwise as to the period during which that rate applies. It follows that, as we said in Matter of City of New York (Jefferson Houses — Lombardi) (306 NY 278, 282): “Far better is it — and, as we view the laws, consistent with the intent of the Legislature as expressed in the words of the statutes — to permit one court, having the parties then present before it and ready * * * to submit their controversy to that court, to settle all questions” (emphasis in original). Indeed, the interest issue has been litigated before the condemnation court in a number of cases (Matter of City of New York [Brookfield Refrig. Corp.], 58 NY2d 532, supra; Matter of City of New York [Roteeco Corp.], 33 NY2d 970; Matter of City of New York [Manhattan Civic Center Area], 27 NY2d 518, affg 32 AD2d 530, affg 57 Misc 2d 156).[7] There was, therefore, no bar to plaintiff’s raising the issue in the Queens proceeding.
IV
Under usual principles of claim preclusion, plaintiff is barred from raising in a second action an issue which it could have raised in the condemnation proceeding (Matter of City of New *90 York [Roteeco Corp.], supra; Matter of Huie [Furman], 20 NY2d 568; Matter of City of New York [Brooklyn-Queens Highway], 300 NY 265; Tandoi v State of New York, 87 AD2d 816; Matter of City of New York [Squitieri], 39 AD2d 669; Restatement [Second] of Judgments § 18).
Plaintiff argues that the Roteeco decision is distinguishable, but examination of the record in that case shows that there were two separate decrees, the first of which fixed the value of the fee parcels and made no mention of interest and the second of which valued the fixtures and limited interest to 4%. Claimant’s counsel made the same argument here advanced, that the final decree need not speak to interest because it was constitutionally required as a matter of just compensation and, “The addition of interest to awards requires the performance of a purely ministerial act, an arithmetic computation, purely a pro-forma function.” He argued also that the decision in Manhattan Civic Center Area (supra) mandated that the city pay interest at 6% rather than 4% after August 1,1966 on all awards in condemnation. Our decision was (33 NY2d, at pp 971-972) that both the fee and the fixture claimants were foreclosed from obtaining additional interest, the fixture claimant because he was denied interest greater than 4% and took no appeal, the fee claimant because it had not reserved the interest issue and took no appeal, with the result that both decrees “became final and the trial court had no jurisdiction to alter its decree in any matter of substance” (id., at p 972).
The only differences between Roteeco and the instant case are that the Roteeco application for additional interest was by motion in the condemnation proceeding and that the fee claimant in Roteeco did not reserve the interest issue while the present claimant sought by its letter to the comptroller to preserve the issue and brought an independent action. Neither helps the present plaintiff, however. Actions separate from a condemnation proceeding to recover interest have been allowed, but none involved the res judicata question presented by this case. In Grote v City of New York (190 NY 235), the court allowed such an action because of “an express agreement between the parties that the question as to the right to recover interest should be reserved and determined by an action to be brought by plaintiff” (id., at p 237). Vanneck Realty Corp. v City of New York (296 NY 1040) concerned not the rate of interest payable, but whether the city could withhold interest in a capital project proceeding under the provision of then section B15-28.0 (b) of the Administrative Code (later deleted by L 1963, ch 100, § 258), applicable *91 to assessable improvement proceedings, which provided that interest stopped running six months after final decree unless claimant demanded payment within that time. Clearly an issue which could not arise until six months after final decree could not be barred by the final decree. Also distinguishable are Matter of Crane v Craig (230 NY 452) and Matter of Murphy v Prendergast (99 Misc 326, affd 179 App Div 904, lv denied [as recorded in the Craig decision, 230 NY, at p 462]), even though there is language in those opinions differentiating interest which is part of the compensation allowed, for all that those cases hold is that acceptance of less than interest for the full period the statute required interest to be paid did not waive the right to sue for the interest withheld. Neither case concerned the rate of interest, nor was any issue of res judicata presented in either.
Here plaintiff neither raised the question of the rate of interest constitutionally required in the condemnation proceeding nor preserved by stipulation its right to litigate the issue in another forum. Its claim to the higher rate of interest is, therefore, barred by res judicata.
For the foregoing reasons, the order of the Appellate Division should be reversed, with costs, and the complaint dismissed.
Chief Judge Wachtler and Judges Jasen, Simons, Kaye and Alexander concur.
Order reversed, etc.

. At all times relevant to this action General Municipal Law § 3-a (2) has provided that, “The rate of interest to be paid upon any judgment or accrued claim against the municipal corporation arising out of condemnation proceedings or action to recover damages for wrongful death shall not exceed six per centum per annum.”

. “[N]or shall private property be taken for public use, without just compensation.”

. “Private property shall not be taken for public use without just compensation.”

. Kirby Forest Indus. v United States (467 US 1,_, 104 S Ct 2187, 2198) declined to order the payment of interest on a condemnation award under Federal statute but recognized that when there is substantial delay between the date of valuation and the date the judgment is paid, during which time the value of the land changes materially, a new hearing on value may be required. The principle of that case is inapplicable to the present action, which is separate and apart from the condemnation proceeding and which is predicated on a change in interest rate rather than a change in value.

. Because the statutory rate has remained at 6% during all times relevant to this action and plaintiff has not shown itself to be entitled to more than the statutory rate for the constitutional interest period, we need not determine the exact date of judgment in this case. To be noted, however, is that the condemnation award will normally constitute the judgment (cf. Uniform Eminent Domain Code § 1203,13 ULA 134 [Master ed]) unless the condemning authority appeals unsuccessfully, in which event the judgment finally entered will be determinative (cf. Matter of City of New York [Chrystie St.], 264 NY 319). When the constitutional interest issue has been raised before the condemnation court and during the time necessary to dispose of the appeal the interest rate undergoes a substantial upward change, it may, therefore, be necessary to accord the claimant a further hearing at which that fact can be established (cf. Kirby Forest Indus. v United States, supra, n 4).

. Compare, Court of Claims Act §§ 19, 20, and EDPL 513, 514, both of which contemplate only a judgment, not a decree followed by suit on the decree.

. Matter of City of New York (Hutchinson Riv. Parkway Extension) (262 App Div 487) held a motion in the condemnation proceeding to direct payment of the award an improper way to raise issues concerning whether a transfer of tax lien was void and whether the interest rate of 12% on the lien continued after condemnation “did not involve the correction of any part of the condemnation decree” and that petitioner’s “proper remedy, therefore, was to proceed by plenary action” (262 App Div, at p 488) in view of the language of section B15-28.0 (b). It was not concerned with whether the issues could have been raised earlier, nor apparently was any such argument made.