■ In the Matter of COUNTY OF NASSAU, Respondent. HAR-OLD RUTHIZER, Appellant.—In an eminent domain proceeding, Harold Ruthizer appeals, as limited by his brief, on the ground of inadequacy, from so much of a partial final decree of the Supreme Court, Nassau County (McGinity, J.), entered May 27, 1987, as, after a nonjury trial, limited his award for certain fixtures to the principal sum of $59,492.50.

Ordered that the partial final decree is modified, on the law, by increasing the sum awarded from the principal sum of $59,492.50 to the principal sum of $76,617; as so modified, the partial final decree is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Nassau County, (1) for a hearing to determine whether the appellant was compensated for items numbered 4, 6, 29, 34, 41, 45, 47 and 49 pursuant to the agreement

entered into by the parties with respect to the appropriation of the realty, and if it is determined that the appellant was not compensated for these items under that agreement, for a supplemental award to the appellant of the value of these items, and (2) for the entry of an appropriate amended partial final decree.

The appellant owned a certain parcel of real property which is located in Roosevelt, New York. The subject property was improved with a brick and stucco one-story building in which the claimant operated a retail hardware business. On April 22, 1980, the County of Nassau acquired title to the subject property. The parties reached an agreement concerning compensation for the fee and the inventory of the store, and the instant proceeding was brought to determine the value of the fixtures which were appropriated. After a nonjury trial, the Supreme Court awarded the appellant damages in the principal sum of $59,492.50. On this appeal, the appellant challenges the adequacy of the court's award in several respects.

With respect to items numbered 3, 9, 10, 16, 20, 21, 22, 23 and 40, the Supreme Court held that these fixtures were "affixed with an intention of permanency but removable without substantial loss of value". Accordingly, the Supreme Court held that the appellant was only entitled to an award for these fixtures in the amount of their relocation costs. The Supreme Court erred in this regard. Since the appellant "did not opt to remove these trade fixtures [in question], he is entitled to compensation in the amount of the sound value of the property condemned" by the County of Nassau *(Matter of City of New York [Glantz],* 55 NY2d 345, 351). Accordingly, we have adopted the Supreme Court's findings as to the sound values of these items, and have modified the award to the extent indicated.

With respect to items 4, 6, 29, 34, 41, 45, 47 and 49, the Supreme Court deemed those items "part of the fee and therefore non-compensable" since the appellant had already been awarded compensation for the fee pursuant to his agreement with the County of Nassau. However, it is unclear from the record whether or not the appellant was compensated for these items pursuant to the parties' agreement concerning compensation for the taking of the fee. Accordingly, the matter must be remitted to the Supreme Court for a hearing and a determination on this issue.

We have considered the appellant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.