Chief Judge Breitel.
In a CPLR article 78 proceeding, petitioner-claimant seeks additional post-judgment interest on a judgment award by the Court of Claims for an appropriation in eminent domain. ¡The issue is whether subdivision 7 of section 20 of the Court of Claims Act, governing interest on judgments against the State, is unconstitutional insofar as it limits interest on an eminent domain award ‘ ‘ until the twentieth day after the comptroller is authorized to issue his warrant for the payment thereof ”. ¡Special Term granted the petition On the theory that the statute was unconstitutional. The Appellate Division reversed and petitioner-claimant appeals.
The order of the Appellate Division should be affirmed, The “full compensation” required by the State and Federal Constitutions entails interest on the appropriation award from the date of taking to the date of adjudication. Post-judgment interest is awarded by legislative grace, and absent a showing of serious"and unreasonable delays in payment of the award . beyond the bar on interest, the 20-day statutory limitation must be sustained as constitutional.
\Claimant Was the owner, of a parcel of land in the City of Rochester, portions of which the State appropriated in fee or took for temporary easements during 1968 and 1969. On January 24, 1969, the company filed, a claim for damages with the Court of Claims and, after trial, was awarded $143,534.75. A judgment for that sum, plus prejudgment interest at 6% per armum for various periods, was entered on July 26, 1971. Neither party appealed from this judgment, and the time to appeal expired on August 26,1971.
On September 8, 1971, the Attorney-General issued a certificate of no appeal to claimant’s attorneys, who forwarded it to the Comptroller. On October 11, 1971, claimant received, - executed, and mailed to the Comptroller the satisfaction of judgment and waiver of attorney’s lien on- forms, previously requested and provided by the Comptroller. Notably, how *267 ever, claimant failed to file with the Comptroller a certified copy of the judgment, as required by subdivision 6 of section 20 of the Court of Claims Act.
On November 8, 197:1, the Comptroller issued to claimant a check for $116,339.65, the balance of principal due and post-judgment interest of $961.48 until 20 days after the time to appeal had expired. Claimant thereupon demanded additional post-judgment interest of $1,057.63 to cover the further period to the date of actual payment. The Comptroller rejected the demand by virtue of the 20-day limitation on post-judgment interest in subdivision 7 of section 20 of the Court of Claims Act.
Subdivision 1 of section 1 of chapter 967 of the Laws of 1971, effective July 2, 1971, an unconsolidated session law, provides that for damages sustained as a result of the exercise of eminent domain powers by the State or any of its political subdivisions, interest on the award “ shall commence to accrue from the date of possession and occupation, or from the date of vesting of title whichever is sooner, to the date of payment.” Without attempting to determine the meaning of the statute, it suffices to note that it is inapplicable to the present case. The statute by its terms covers only claims “ accruing on or after the effective date of this act”; it is not retroactive in effect (see Walker v. State of New York, 40 A D 2d 63, 66-67, affd. 33 N Y 2d 450). The instant claim accrued in 1968 and 1969 at the time of appropriation, and therefore does not come under the 1971 statute (see Court of Claims Act, § 10, subd. 1.)
Special Term, in holding subdivision 7 of section 20 unconstitutional with respect to awards in eminent domain, determined that it violated an owner’s right to “ just compensation ” for the taking of his property (N. Y. Const., art. I, § 7, subd. [a]; U. S. Const., 5th and 14th Amdts.). The Appellate Division in reversing correctly applied relevant principles.
Interest on a claim or judgment is largely a creature of statute or Constitution. Only with respect to a narrow category of claims does one find a “ legal right ” to prejudgment interest at the common law (see, e.g., Purcell v. Long Is. Daily Press Pub. Co., 9 N Y 2d 255, 257-259; see, generally, Interest on Amount of Damage, Ann., 36 ALR 2d 337). As for interest on a judgment, there is no common-law right (see 45 Am. Jur., 2d, Interest and Usury, § 59; 47 C.J.S., Interest, § 21). Post- *268 judgment interest, owing its existence to statute, is subject to reasonable statutory regulation limited only by constitutional interdiction.
Prejudgment interest is awarded, in the case of injury to, or the loss or destruction of property, on the theory that it is necessary to give full compensation for the loss sustained (see, generally, 47 C.J.S., Interest, § 13; 25 C.J.S., Damages, § 53; Interest on Amount of Damage, Ann., 36 ALB 2d 337, 345; 32 N. Y. Jur., Interest and Usury, § 12). Post-judgment interest, on the other hand, is awarded on a different theory, that is, as a penalty for delayed payment on the judgment (47 C.J.S., Interest, § 21). Typically, then, all interest to which an aggrieved party is entitled as part of his “ full compensation ”, is incorporated and merged in the judgment.
The classic distinction 'between prejudgment and post-judgment interest has been thought applicable to eminent domain appropriation claims. Interest accruing prior to the award is payable as a substitute for the beneficial use of real property, and its payment is constitutionally required. Post-judgment interest, by way of penalty or incidental interest, is not constitutionally required, and statutes regulating such interest have as a rule not been deemed to run afoul of the " full compensation” requirement (see La Porte v. State of New York, 6 N Y 2d 1, 6-7; cf. Matter of City of New York [Chrystie St.], 264 N. Y. 319, 322; Matter of City of New York [Westchester Ave.], 217 App. Div. 381, 383-384; see, generally, 19 N. Y. Jur., Eminent Domain, § 243, pp. 490-491; 30 C.J.S., Eminent Domain, § 333 [1]). The rule is stated most succinctly in New York Jurisprudence (loc. cit.): “ There are two types of interest which should be distinguished. The first is interest by wiay of damages for any delay in the payment of a condemnation award. This interest forms a part of the just compensation which must be paid the owner. The other is interest earned after the entry of a final judgment of condemnation. The damage element included in the award is called ' constitutional or compensation interest or part of the awiard ’ due the owner, while the postjudgment interest is called ‘ penalty or incidental interest.’ ”
True, some but not all jurisdictions have held to the contrary (see, e.g., Hammond v. State Roads Comm., 241 Md. 514, *269 517-521; Woodworth v. Commonwealth, 353 Mass. 229, 231—233; Wolf v. Commonwealth, 403 Pa. 499, 506-507; on division of authorities see 27 Am. Jur., 2d, Eminent Domain, § 306).
If it were shown that the Comptroller’s payment of judgments was substantially and seriously delayed beyond the 20-day limitation period, as a matter of course, then there might remain some question whether the statutory scheme worked or had been abused to defeat the constitutional guarantee of full compensation. Claimant has not, however, proven this to be the case. Indeed, the delay in payment of its own claim may have been attributable in large part to its conceded failure to file a certified copy of the judgment as required by subdivision 6 of section 20. The legitimate purpose of the 20-day limitation in encouraging prompt presentation of judgments for payment, rather than letting judgments draw interest indefinitely against the State, is not here contested (see People ex rel. Evers v. Glynn, 126 App. Div. 519, 521). The strong presumption of the statute’s constitutionality has not been rebutted.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Cooke taking no part.
Order affirmed.