■ In the Matter of the CITY OF WHITE PLAINS, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered December 22, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for a judgment compelling respondent to pay additional sums as postjudgment interest upon a certain judgment of the Court of Claims. In June of 1971, claimant filed its claim against the State in the Court of Claims for damages in connection with the appropriation of real property. Judgment in claimant's favor was entered on November 18, 1974, and no appeal was taken by the State. The Comptroller was authorized to issue his warrant for payment on December 18, 1974, when the State's time to appeal expired. On March 27, 1975, petitioner received final payment of the balance due. The payment included interest to January 7, 1975, in accordance with subdivision 7 of section 20 of the Court

of Claims Act, which limits interest on a judgment "until the twentieth day after the comptroller is authorized to issue his warrant for the payment thereof or until payment, if * * * made sooner." The constitutionality of subdivision 7 was recently upheld in *Matter of Rochester Carting Co. v Levitt* (36 NY2d 264). While the period without interest there was 53 days, as compared with 78 in the present case, we find no basis in the record for a constitutionally different result under the guidelines set forth in *Matter of Rochester Carting Co. v Levitt (supra)*.[1] Judgment affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Reynolds, JJ., concur.

---

1. In cases of claims accruing on or after July 2, 1971, interest is payable to the date of payment of the judgment (L 1971, ch 967, § 1).