**MOBIL OIL CORPORATION, Plaintiff-Respondent, and Cross-Appellant,**

v.

**Curtis A. DAYS, et al., Defendants-Appellants, and Cross-Respondents.**

**Nos. 42416, 42419.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 16, 1981.

Raymond V. Howard, St. Louis, for defendants-appellants, and cross-respondents.

Edwin L. Noel, Walter M. Clark, St. Louis, for plaintiff-respondent, and cross-appellant.

CRIST, Presiding Judge.

Inconsistent jury verdicts on breach of contract and guaranty. The jury found against Mobil Oil Corporation (hereinafter "Mobil") and for Teddie F. Days, Curtis A. Days and Manello Days (hereinafter "statutory trustees") on the contract, but found for Mobil and against Teddie F. Days, individually (hereinafter "Teddie") on the guaranty on the sum of $6,010.00 plus interest. We reverse and remand.

Days & Days Investment Co., d/b/a Days Brothers Car Wash (hereinafter "car wash"), was a Missouri Corporation incorporated on March 31, 1970. On January 1, 1972, its corporate charter was forfeited for failure to file an Annual Report and Anti-Trust Affidavit for the year of 1971. Statutory trustees were the officers and directors of car wash at the time said charter was forfeited and became statutory trustees of said corporation pursuant to § 351.-525, RSMo 1978.

On August 5, 1970, car wash entered into a contract with Mobil for the purchase of gasoline and other related products. On August 31, 1970, car wash entered into a separate contract with Mobil by which Mobil agreed to advance $9,451.00 *in money* to car wash for improvements. By this contract, car wash would not have to reimburse Mobil if car wash purchased 1.5 million gallons of gas over the next five years. Car wash's obligation to reimburse Mobil was proportional to the amount by which car wash's purchases fell short of 1.5 million gallons. Car wash purchased 20,000 gallons.

The issue was whether Mobil satisfied its obligation under the August 31, 1970 contract, thus obliging car wash to reimburse Mobil. Mobil claims it fulfilled its obligation by causing improvements to be made on the car wash, to-wit: the installation of Mobil's gas tanks, pumps, etcetera. It is agreed that Mobil did not give car wash $9,451.00 in cash or check.

On September 9, 1970, Teddie, in consideration for Mobil extending credit to the car wash, personally guaranteed car wash's obligations to Mobil, to the extent of $6,010.00.

The jurors received separate instructions on the contract issue between Mobil and statutory trustees, and on the guaranty issue between Mobil and Teddie. The jury found no contract obligation, but found liability on the guaranty.

Guaranty is a collateral agreement for performance of an undertaking of another. It imports two different obligations, that of principal debtor and that of guarantor. The liability of a guarantor does not arise in absence of a debtor's liability on the principal undertaking. *Beauchamp v. North American Sav. Ass'n*, 543 S.W.2d 536, 538 (Mo.App.1976).

The jury rendered two inconsistent verdicts. They found in favor of statutory trustees on the contract and against Teddie on the guarantee. Teddie, as guarantor, could not be liable if the debtor, represented by statutory trustees, was found not liable. Such inconsistent verdicts require that we reverse and remand. *Manley v. Horton*, 414 S.W.2d 254, 261 (Mo.1967).

Reversed and remanded for new trial.

REINHARD and SNYDER, JJ., concur.