In the Matter of ANTHONY RICCARDI, Appellant, v ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Respondents.

Third Department, February 18, 1982

APPEARANCES OF COUNSEL

*Robert E. Harris* for appellant.

*Robert Abrams, Attorney-General (Richard J. Dorsey, William J. Kogan* and *Shirley Adelson Siegel* of counsel), respondent *pro se.*

*Robert G. Lyman, County Attorney (David M. Purcell* of counsel), for County of Albany, respondent.

### OPINION OF THE COURT

SWEENEY, J.

Prior to June, 1969, petitioner owned certain real property located in the City of Albany, and the County of Albany had acquired certain tax liens on the property for

the years 1964 through 1968. In 1969, the State appropriated the property for highway purposes. After a trial, an award of $9,320 was made for the appropriated land. The parties were unable to determine their respective entitlement to the award and the Court of Claims, on September 7, 1973, ordered that the Comptroller should deposit the award in a bank account pursuant to subdivision 2 of section 22 of the Court of Claims Act. While the Attorney-General issued a certificate of no appeal on September 13, 1973, the funds were not deposited in a bank until January 10, 1980, after petitioner inquired of the Comptroller about the nonpayment of his award.

The instant action was commenced on April 23, 1980, pursuant to section 23 of the Court of Claims Act, for an order of distribution of the award. Albany County asserted an interest in the award due to its tax liens against the property. Special Term found that petitioner was not entitled to postjudgment interest beyond the 20-day limit specified in the former subdivision 7 of section 20 of the Court of Claims Act and, therefore, it was concluded that interest was properly suspended on October 7, 1973. It also found that the County of Albany had an equitable lien on the award for $6,514.26, which was to be given priority in payment of the award. This appeal by petitioner ensued.

Postjudgment interest is not a constitutional right but rather a legislative grace (*Matter of Rochester Carting Co. v Levitt*, 36 NY2d 264, 266). One whose property has been appropriated, however, is entitled to be fully compensated for the taking. To encourage the prompt presentation of judgments, the Legislature limited the period the State would pay interest by providing in former subdivision 7 of section 20 of the Court of Claims Act that interest on a judgment be allowed "from the date thereof until the twentieth day after the comptroller is authorized to issue his warrant for the payment thereof or until payment, if payment is made sooner." If the State seriously and unreasonably delays payment of the judgment, a claimant's constitutional guarantee of full compensation will be violated and postjudgment interest may be owed (*Matter of Rochester Carting Co. v Levitt, supra*). A resolution of the

instant case narrows to whether the State was guilty of unreasonable delay in paying the judgment.

The present judgment was not paid for some seven years. The State contends that it failed to pay the award because claimant did not comply with subdivision 6 of section 20 of the Court of Claims Act which requires a claimant to file the following documents with the Comptroller before the State may pay the award: a certified copy of the judgment; the Attorney-General's certificate of no appeal; an attorney's release; and, where the award is due to a State appropriation of land, an abstract of title. Concededly, claimant did not comply with this section. An examination of the documents to be filed demonstrates that claimant could not have fully complied for he could not file the attorney's release or an abstract of title since his attorneys claimed they were owed for, and Albany County asserted an equitable lien on, the award. It would appear that because of these circumstances, the Court of Claims ordered the award deposited in a bank subject to distribution by the Supreme Court pursuant to subdivision 2 of section 22 of the Court of Claims Act. The delay, therefore, was the State's for it did not comply with the court order to deposit the fund in a bank until January 10, 1980. Consequently, claimant could not bring an action in the Supreme Court for distribution until after the funds were deposited. Such delay was, in our view, serious and unreasonable and through no fault of claimant. Under these circumstances, claimant is entitled to postjudgment interest from the time interest was suspended on October 7, 1973 until payment.

We reject claimant's contention that the County of Albany's priority of distribution is barred by the Statute of Limitations.

The order and judgment should be modified, on the law and the facts, by granting petitioner postjudgment interest from October 7, 1973 to the date of payment, and, as so modified, affirmed, without costs.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Order and judgment modified, on the law and the facts, by granting petitioner postjudgment interest from October

7, 1973 to the date of payment, and, as so modified, affirmed, without costs.