■ DEBRA JURACKA, Individually and as Administratrix of the Estate of TAMMY L. BLISS, Deceased, Appellant, v ANTHONY T. FERRARA et al., Respondents, et al., Defendant.— Main, J. Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered April 10, 1985 in Schenectady County, which granted defendants Anthony T. Ferrara and Frances S. Ferrara leave to pay the sum of $10,500 into court and discharged them from further liability.

Plaintiff's daughter, Tammy Lynn Bliss, was killed in an automobile accident in March 1982. Both plaintiff and her daughter had been passengers in a vehicle owned by defendant Frances S. Ferrara and operated by defendant Anthony T. Ferrara. Plaintiff commenced this action on her own behalf and as administratrix of her daughter's estate against, among others, the Ferraras. Plaintiff and the Ferraras thereafter reached a settlement in the amount of $10,500 and, on January 3, 1983, the Surrogate's Court of Schenectady County approved the settlement and caused to be entered in his office an order of settlement and compromise in this action.

In June 1983, represented by a new attorney, plaintiff made a motion in Surrogate's Court seeking to vacate and set aside the order of settlement and compromise. By decision dated May 18, 1984, Surrogate's Court denied that motion. The new attorney then requested reconsideration of the decision, but the court, by decision dated November 30, 1984, denied counsel's request and confirmed its May 18, 1984 decision. The November 30, 1984 decision explicitly stated that that document constituted both the decision and order of the court. Nonetheless, in August 1985, plaintiff's counsel submitted to

Surrogate's Court a proposed order based upon the May 18 and November 30, 1984 decisions so that he could take an appeal therefrom, having failed to previously do so. When the court informed counsel that no further order need be signed since the decision and order of November 30, 1984 finally determined the matter, plaintiff's counsel commenced a CPLR article 78 proceeding in this court seeking to compel Surrogate's Court to execute the order submitted to it. On November 8, 1985, that proceeding was dismissed by this court on the ground that a proceeding against a Judge of the Surrogate's Court may not be commenced in this court in the first instance (Matter of Juracka v Severson, 115 AD2d 102, lv denied 67 NY2d 603). Counsel then made a motion in this court to have the proceeding transferred to Supreme Court, Schenectady County, but that motion was denied on December 17, 1985.

Meanwhile, the Ferraras had moved at Special Term pursuant to CPLR 2601 (a) for leave to pay the $10,500 sum into court and be relieved from further liability. Special Term granted that motion, and this appeal ensued.

On this appeal, plaintiff argues, first, that Special Term should have made its order conditional upon an appeal that she planned to take following a favorable resolution of the proceeding against Surrogate's Court that she commenced in this court. Such argument has been rendered moot, however, since that proceeding has, as aforementioned, already been dismissed and no appeal will ever be forthcoming.

Plaintiff next argues that she should be awarded interest on the $10,500 to be paid into court by the Ferraras. According to plaintiff, such interest began to accrue on January 3, 1983, the date on which the order of settlement and compromise was entered. Generally, a party is entitled to interest pursuant to CPLR 5003 upon an order of Surrogate's Court directing the payment of money "as of the time the order becomes enforceable * * * i.e., upon entry of the order" (Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 5003, pp 541-542; see, Matter of Zalaznick, 94 Misc 2d 988, 990). It is possible, however, that the party who is entitled to money under the order will be estopped from obtaining interest thereon by virtue of his conduct (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5003.01) since interest awarded pursuant to CPLR 5003 "is awarded * * * as a penalty for delayed payment" (Matter of Rochester Carting Co. v Levitt, 36 NY2d 264, 268). Here, it is apparent that the Ferraras have been willing to pay the amount of settlement since the date that the order

of settlement and compromise was entered. Any delay in such payment has been occasioned by no one other than plaintiff's attorney himself, who has prevented a final resolution of this matter by engaging in dilatory tactics. Accordingly, on the facts and circumstances of this case, we conclude that the Ferraras should not suffer the "penalty" of paying interest pursuant to CPLR 5003 for a delay not caused by their own acts or omissions *(see, supra; Ariola v Petro Trucking Corp.,* 50 Misc 2d 216, 217-218).

Finally, it must be inferred from a reading of Special Term's order and the language of CPLR 2601 (a) that, by paying the $10,500 settlement amount into court, the Ferraras are "discharged thereby from all further liability *to the extent of the money so paid in"* (CPLR 2601 [a]; emphasis supplied).

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.