BOATMEN'S FIRST NATIONAL BANK
OF KANSAS CITY, Respondent,

v.

BOGINA PETROLEUM ENGINEERS, a
partnership consisting of: August Bogi-
na, Jr. and August Bogina, III, Appel-
lants.

No. WD 42712.

Missouri Court of Appeals,
Western District.

Aug. 21, 1990.

James F. Stanley, Kansas City, for appel-
lants.

Frank P. Barker, III, Alison K. Blessing,
Barker, Rubin & Sonnich, Kansas City, for
respondent.

Before TURNAGE, P.J., and
MANFORD and BERREY, JJ.

TURNAGE, Presiding Judge.

Boatmen's First National Bank brought
suit on a promissory note against August
G. Bogina, Jr. and August G. Bogina, III,
as partners, doing business as Bogina Pe-
troleum Engineers. The Boginas live in
Kansas and service was obtained upon
them under § 506.500.1, RSMo 1986,[1] com-
monly known as the long arm statute. The
court entered summary judgment in favor
of Boatmen's for the principal and interest
due plus attorney fees. The Boginas ap-
peal contending that service under the long

---

1. All sectional references are to RSMo 1986.

arm statute was improper, that the award of the attorney fees was erroneous and that providing that the judgment was to bear interest when a portion of the judgment was prejudgment interest was improper. Affirmed.

Boatmen's does business in Kansas City, Missouri, and both of the Boginas live in Kansas. In 1983, the Boginas opened a checking account with Boatmen's and negotiated a line of credit. Bogina, III admitted that he was in the bank's office in Missouri at least five times to discuss the loan and the checking account. When the Boginas needed to borrow on their line of credit, they either called or wrote Boatmen's and the amount desired to be borrowed was credited to their checking account. A promissory note for $65,000 was executed by Bogina, III on behalf of the partnership to evidence an indebtedness under the line of credit.

In November 1988, Boatmen's filed suit against the Boginas in which it was alleged there was $65,000 due on the promissory note plus $9,172.22 in interest, together with attorney fees of $9,750. After affidavits and depositions were filed Boatmen's sought summary judgment and the court entered judgment for the amounts claimed to be due.

The Boginas first contend that service under the long arm statute was improper because they had not done anything to bring themselves within the jurisdiction of Missouri. Section 506.500.1 provides in effect that any person who transacts any business within this state submits himself to the jurisdiction of the courts of this state. In *State ex rel. Metal Service Center v. Gaertner*, 677 S.W.2d 325, 327[3, 4] (Mo. banc 1984), the court held that the term "transaction of any business" in § 506.500.1 must be construed broadly. The defendant corporation was deemed to have transacted business in Missouri by shipping materials into Missouri for manufacture and retaking them after the work had been done. *Id.* at 328. The court stated "the business may consist of a single transaction, if that is the transaction sued upon." The court quoted from

*World–Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), "that long arm jurisdiction is appropriate if it appears 'that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hailed into court there.' " *Id.* at 328.

In *State ex rel. Farmland Indus., Inc. v. Elliott*, 560 S.W.2d 60, 62–63[1] (Mo.App. 1977), this court considered the effect of out-of-state residents coming into Missouri for meetings to discuss the execution of a contract. There were eight such meetings held in Missouri and this court held that any one of the eight meetings would have been sufficient to constitute the transaction of any business in Missouri sufficient to sustain service under the long arm statute.

Here, Bogina, III admitted that he came to Missouri at least five times to discuss the loan and bank account with Boatmen's. Under *Farmland* and *Metal Service* only one trip by Bogina, III to Missouri to discuss the loan would have constituted the transaction of any business in this state sufficient to confer jurisdiction on Missouri courts and to authorize service under the long arm statute. The conduct of the partnership in arranging a loan in Missouri should have led the partnership to reasonably anticipate being hailed into court in this state in the event of a default. *Metal Service* at 328. It is admitted that Bogina, III transacted business in Missouri and that as a result he executed the note on behalf of the partnership. This was sufficient to confer jurisdiction on Missouri courts over Bogina, Jr. and Bogina, III. While there is no evidence that Bogina, Jr. came to Missouri, Bogina, Jr. was jointly and severally liable for the partnership debt. *Smith v. Wohl*, 702 S.W.2d 905, 910[10–12] (Mo.App.1985). Bogina, III was acting for the partnership when he transacted business in Missouri.

The Boginas next contend that the court erred in awarding Boatmen's an attorney fee of 15% of the principal amount due. The note provided for an attorney fee in the amount of 15% of the amount due if the note should be placed in the hands of

an attorney for collection. Boginas make some argument that 15% of the amount due is not a reasonable attorney fee. This argument overlooks the fact that the note provided for a 15% attorney fee. In *Harris v. Union Elec. Co.*, 766 S.W.2d 80, 89[5] (Mo. banc 1989), the court held "[w]here the claim to attorneys' fees is based upon a contract, the court must adhere to the terms of the contract and may not go beyond it." The court adhered to the terms of the note and did not go beyond the 15% authorized. The question is not one of reasonableness but simply one as to the provision of the contract for attorney fees. The court correctly followed the terms of the contract.[2]

■ The Boginas finally contend that the judgment was improper when it provided that the judgment would bear interest at the rate of 13% per annum because the judgment included interest which was due on the principal sum up to the date of judgment. Boginas contend this constitutes the compounding of interest contrary to the case law in Missouri and § 408.080. Section 408.080 provides that parties may contract in writing for the payment of interest upon interest but the interest shall not be compounded more often than once a month. Boginas contend that they did not agree to pay compound interest and therefore allowing interest on the judgment which contained an amount for prejudgment interest was compounding interest. No case had been cited or located which has considered this question in Missouri. It is stated in 47 C.J.S. Interest and Usury § 24, pgs. 70–71 (1982):

> However, while there are some decisions to the contrary, it has generally been held that a judgment bears interest on the whole amount thereof, although such amount is made up partly of interest on the original obligation, and even though the interest is separately stated in the judgment.
>
> This rule is not affected by statutes which prohibit the allowance of compound interest, since such statutes are intended merely as regulations of interest on contracts and not interest on judgments, and are designed to prevent the imposition on borrowers of the heavy exactions by compounding interest at frequent intervals.

It is also stated in 45 Am.Jur.2d, Interest and Usury § 78 p. 71 (1969):

> Although compound interest generally is not allowable on a judgment, it is established that a judgment bears interest on the whole amount from its date even though the amount is in part made up of interest,.... As a consequence, compound interest may in effect be recovered on a judgment whereby, the aggregate amount of principal and interest is turned into a new principal, ....

In *Big Bear Properties, Inc. v. Gherman*, 95 Cal.App.3rd 908, 157 Cal.Rptr. 443, 447[5, 6] (1979), the court quoted C.J.S. as set out above and held that the rule against the compounding of interest does not prevent the allowance of interest on a judgment which includes an award of interest. In *Rochester Carting Co. v. Levitt*, 36 N.Y.2d 264, 367 N.Y.S.2d 242, 245, 326 N.E.2d 808, 811[6–8] (1975), the court stated that prejudgment interest is awarded on the theory that it is necessary in order to give full compensation for the loss sustained. On the other hand post-judgment interest, or interest on the judgment, is awarded on the theory that it is a penalty for delayed payment of the judgment.

In order to award Boatmen's the full amount which was due on its note the court had to calculate the interest which was due up to the date of judgment. Once the

---

**2.** Each of the Boginas executed a "guaranty" of the note. Although not challenged by the parties this court has not considered the "guaranties" because they do not qualify as such. A guaranty is a collateral agreement for performance of an undertaking of another. *Mobil Oil Corp. v. Days*, 618 S.W.2d 286, 287[1] (Mo.App. 1981). It imports two different obligations, that of principal debtor and that of guarantor. *Id.* As a secondary obligation, a guaranty can exist only if there is a principal obligation to which it is collateral. *Id.* The liability of both Boginas was primary because both were liable on the note as partners. Thus there was no principal liability to which the "guaranties" were collateral. In effect the Boginas simply obligated themselves twice for the same debt—once on the note and again on the "guaranty." The "guaranty" was therefore not a guaranty of the note.

judgment was entered § 408.040 provides that interest shall be allowed on the judgment *from the date it is rendered* and if the judgment is upon a contract which bears more than 9% interest then the judgment shall bear interest at the contract rate.

This court finds the quotations from the texts set out above to be persuasive and holds that the judgment bears interest even though it contains an amount designated as interest. Section 408.080 is designed as a regulation of interest on contracts and does not purport to apply to interest on judgments. Section 408.040 does not contain any prohibition against a judgment bearing interest which is made up partly of pre-judgment interest. It was necessary to award Boatmen's interest on the amount due up to the date of the judgment; otherwise Boatmen's would not have recovered the full amount due. To hold that Boatmen's may not recover interest on the judgment would deprive it of compensation for the delay in paying the judgment.

This court holds that a judgment bears interest at the rate allowed by law even if the judgment is made up partly of prejudgment interest. The court properly allowed interest on the judgment at the contract rate.

The judgment is affirmed.

All concur.