Seaside Rehabilitation, as Assignee of Evelia Polanco, Appellant, 
against
Allstate Insurance Co., Respondent.




Glinkenhouse, Floumanhaft & Queen (Stephen J. Green of counsel), for appellant.
Peter C. Merani, P.C. (Samuel Kamara of counsel), for respondent.

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered August 15, 2017. The judgment, entered pursuant to so much of a May 12, 2017 order of that court as granted the branch of a cross motion by defendant seeking to stay the accrual of no-fault statutory interest "between date of settlement and date of judgment," awarded plaintiff interest only from August 23, 2016.




ORDERED that, on the court's own motion, the notice of appeal from so much of the order entered May 12, 2017 as granted the branch of defendant's cross motion seeking to stay the accrual of no-fault statutory interest "between date of settlement and date of judgment" is deemed a premature notice of appeal, on the ground of inadequacy, from the judgment (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, with $30 costs, so much of the order entered May 12, 2017 as granted the branch of defendant's cross motion seeking to stay the accrual of no-fault statutory interest "between date of settlement and date of judgment" is vacated, that branch of defendant's cross motion is denied, and the matter is remitted to the Civil Court for the entry of a new judgment in accordance with this decision and order.
This action by a provider to recover assigned first-party no-fault benefits was settled in open court on August 2, 2007. Defendant did not pay the settlement amount, and a judgment was subsequently entered on June 21, 2016, pursuant to CPLR 5003-a. Plaintiff appeals from so much of an order of the Civil Court entered May 12, 2017 as granted the branch of a cross motion by defendant seeking to stay the accrual of no-fault statutory interest "between date of settlement and date of judgment" by providing that such interest would be tolled until August 23, 2016, the date of the filing of a motion by plaintiff to recalculate the interest. We deem plaintiff's notice of appeal from that part of the order to be a premature notice of appeal, on the ground of inadequacy, from the subsequently entered judgment (see CPLR 5520 [c]).
Plaintiff correctly argues that the Civil Court erred in staying interest from the date of the settlement of the action to August 23, 2016. Once the case settled, defendant was obligated to pay the agreed-upon amount to plaintiff (see CPLR 5003-a) and "plaintiff, as the prevailing party, was not required to make a demand for the money" (B.Z. Chiropractic, P.C. v Allstate Ins. Co., 56 Misc 3d 139[A], 2017 NY Slip Op 51091[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see CPLR 5003-a [e]). Defendant did not demonstrate that plaintiff had prevented defendant in any way from paying the settlement amount (see ERHAL Holding Corp. v Rusin, 252 AD2d 473, 474 [1998]; Juracka v Ferrara, 120 AD2d 822 [1986]; Craniofacial Pain Mgt. v Allstate Ins. Co., 61 Misc 3d 155[A], 2018 NY Slip Op 51825[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; B.Z. Chiropractic, P.C., 56 Misc 3d 139[A], 2017 NY Slip Op 51091[U]). Therefore, the Civil Court erred in tolling the accrual of interest (see Craniofacial Pain Mgt., 61 Misc 3d 155[A], 2018 NY Slip Op 51825[U]; B.Z. Chiropractic, P.C., 56 Misc 3d 139[A], 2017 NY Slip Op 51091[U]).
Accordingly, the judgment is reversed, so much of the order entered May 12, 2017 as granted the branch of defendant's cross motion seeking to stay the accrual of no-fault statutory interest "between date of settlement and date of judgment" is vacated, that branch of defendant's cross motion is denied, and the matter is remitted to the Civil Court for the entry of a new judgment in accordance with this decision and order.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019