NCT Diagnostics, Inc. v Countrywide Ins. Co. (2022 NY Slip Op
51247(U))

[*1]

NCT Diagnostics, Inc. v Countrywide Ins. Co.

2022 NY Slip Op 51247(U) [77 Misc 3d 133(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-656 Q C

NCT Diagnostics, Inc., as Assignee
of Ruben Mulrain, Appellant, 
against
Countrywide Insurance Company, Respondent.

Glinkenhouse Queen, Esqs. (Alan Queen of counsel), for appellant.
Jaffe & Velazquez, LLP (Thomas Torto of counsel), for respondent.

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City
of New York, Queens County (Larry Love, J.), entered October 13, 2021. The judgment,
insofar as appealed from, upon awarding plaintiff the principal sum of $992.20 pursuant
to a stipulation of settlement entered into in April 2008, awarded plaintiff statutory
no-fault interest from February 22, 2017.

ORDERED that the judgment, insofar as appealed from, is reversed, with $30 costs,
and the matter is remitted to the Civil Court for the entry of a new judgment in
accordance with this decision and order.
This action by a provider to recover assigned first-party no-fault benefits was
commenced in 2005 and settled in April 2008. Defendant did not pay the settlement
amount, and a judgment was subsequently entered on January 30, 2017 pursuant to
CPLR 5003-a, awarding plaintiff statutory no-fault interest from the date of the
settlement at a simple rate. In February 2017, plaintiff moved, pursuant to CPLR 5019
(a), to, in effect, correct the January 30, 2017 judgment by recalculating the statutory
no-fault interest from a simple rate to a compound rate. By order entered February 20,
2018, the Civil Court granted the motion, directed the clerk to recalculate the interest at a
rate of 2% per month, compounded, but, sua sponte, tolled the accrual of [*2]statutory no-fault interest through February 22, 2017, the
date plaintiff made the instant motion. A judgment was entered on October 13, 2021,
accordingly.
Plaintiff correctly argues that the Civil Court erred in tolling the statutory no-fault
interest from the date of the settlement to the date of plaintiff's motion. Once the case
settled, defendant was obligated to pay the agreed-upon amount to plaintiff (see
CPLR 5003-a) and "plaintiff, as the prevailing party, was not required to make a demand
for the money" (Seaside
Rehabilitation v Allstate Ins. Co., 63 Misc 3d 162[A], 2019 NY Slip Op
50918[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] [internal
quotation marks omitted]; see CPLR 5003-a [e]). Defendant did not demonstrate
that plaintiff had prevented defendant in any way from paying the settlement amount
(see ERHAL Holding Corp. v Rusin, 252 AD2d 473 [1998]; Juracka v
Ferrara, 120 AD2d 822 [1986]; Craniofacial Pain Mgt. v Allstate Ins. Co., 61 Misc 3d
155[A], 2018 NY Slip Op 51825[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2018]). Therefore, the Civil Court erred in tolling the accrual of interest (see
Seaside Rehabilitation v Allstate Ins. Co., 2019 NY Slip Op 50918[U]).
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is
remitted to the Civil Court for the entry of a new judgment in accordance with this
decision and order.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022