Metro Med. Diagnostics, P.C. v Country Wide Ins. Co. (2024 NY Slip Op 50119(U))

[*1]

Metro Med. Diagnostics, P.C. v Country Wide Ins. Co.

2024 NY Slip Op 50119(U)

Decided on January 26, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 26, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-1025 Q C

Metro Medical Diagnostics, P.C., as Assignee of Raymond Pearson, Appellant,
against
Country Wide Insurance Company, Respondent. 

Glinkenhouse Queen, Esqs. (Alan Queen of counsel), for appellant.
Jaffe & Velasquez, LLP, for respondent (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered September 13, 2023. The judgment, insofar as appealed from, upon awarding plaintiff the principal sum of $1,704.68 pursuant to a stipulation of settlement entered into on July 10, 2010, awarded plaintiff statutory no-fault interest from January 9, 2017. The appeal from the judgment brings up for review so much of an order of that court entered October 22, 2018 as, sua sponte, tolled the accrual of statutory no-fault interest.

ORDERED that the judgment, insofar as appealed from, is reversed, with $30 costs, so much of the October 22, 2018 order as, sua sponte, tolled the accrual of statutory no-fault interest is vacated, and the matter is remitted to the Civil Court for the entry of a new judgment in accordance with this decision and order.
This action by a provider to recover assigned first-party no-fault benefits for a claim arising out of an accident that occurred on January 5, 2000 was commenced in 2001 and settled on July 10, 2010. Defendant did not pay the settlement amount, and a judgment was subsequently entered on January 9, 2017 pursuant to CPLR 5003-a, awarding plaintiff statutory no-fault interest from the date of the settlement at a simple rate. On January 17, 2017, plaintiff moved, pursuant to CPLR 5019 (a), to, in effect, correct the January 9, 2017 judgment by recalculating the statutory no-fault interest from a simple rate to a compound rate. By order entered October 22, 2018, the Civil Court granted the motion and directed the clerk to recalculate [*2]the interest at a rate of 2% per month, compounded, but, sua sponte, tolled the accrual of statutory no-fault interest from the date of the settlement through January 9, 2017. A judgment was entered on September 13, 2023 accordingly, from which plaintiff appeals on the ground of inadequacy.
Plaintiff correctly argues that the Civil Court erred in tolling the statutory no-fault interest from the date of the settlement to January 9, 2017, the date of the original judgment. Once the case settled, defendant was obligated to pay the agreed-upon amount to plaintiff (see CPLR 5003-a) and "plaintiff, as the prevailing party, was not required to make a demand for the money" (Seaside Rehabilitation v Allstate Ins. Co., 63 Misc 3d 162[A], 2019 NY Slip Op 50918[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] [internal quotation marks omitted]; see CPLR 5003-a [e]; NCT Diagnostics, Inc. v Countrywide Ins. Co., 77 Misc 3d 133[A], 2022 NY Slip Op 51247[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). Defendant did not demonstrate that plaintiff had prevented defendant in any way from paying the settlement amount (see ERHAL Holding Corp. v Rusin, 252 AD2d 473 [1998]; Juracka v Ferrara, 120 AD2d 822 [1986]; Craniofacial Pain Mgt. v Allstate Ins. Co., 61 Misc 3d 155[A], 2018 NY Slip Op 51825[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Therefore, the Civil Court erred in tolling the accrual of interest from the date of the settlement to the date of the original judgment (see Seaside Rehabilitation v Allstate Ins. Co., 2019 NY Slip Op 50918[U]).
Accordingly, the judgment, insofar as appealed from, is reversed, so much of the October 22, 2018 order as, sua sponte, tolled the accrual of statutory no-fault interest is vacated, and the matter is remitted to the Civil Court for the entry of a new judgment in accordance with this decision and order.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 26, 2024