Berenblit v Country Wide Ins. Co. (2025 NY Slip Op 50487(U))

[*1]

Berenblit v Country Wide Ins. Co.

2025 NY Slip Op 50487(U)

Decided on March 21, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 21, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2024-596 Q C

Dr. Alexander Berenblit, as Assignee of Nestor Jasper, Appellant, 
against
Country Wide Insurance Company, Respondent. 

Glinkenhouse Queen, Esqs. (Alan Queen of counsel), for appellant.
Thomas Torto, for respondent.

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered March 12, 2024. The judgment, insofar as appealed from, upon awarding plaintiff the principal sum of $2,705 pursuant to a stipulation of settlement entered into on December 14, 2001, failed to award prejudgment statutory compounded no-fault interest. The appeal from the judgment brings up for review so much of an order of the same court dated March 27, 2018 as denied plaintiff's motion to recalculate interest using a compound, not simple, rate and, sua sponte, tolled the accrual of prejudgment statutory no-fault interest.

ORDERED that the judgment, insofar as appealed from, is reversed, with $30 costs, so much of the March 27, 2018 order as denied plaintiff's motion to recalculate interest using a compound, not simple, rate and, sua sponte, tolled the accrual of prejudgment statutory no-fault interest is vacated, plaintiff's motion is granted, and the matter is remitted to the Civil Court for the entry of a new judgment in accordance with this decision and order.
This action by a provider to recover assigned first-party no-fault benefits was settled in open court on December 14, 2001. Defendant did not pay the settlement amount, and a judgment was subsequently entered on February 10, 2017, pursuant to CPLR 5003-a, awarding plaintiff statutory no-fault interest from the date of the settlement at a simple rate. On February 17, 2017, plaintiff moved, pursuant to CPLR 5019 (a), to, in effect, correct the February 10, 2017 judgment by recalculating the statutory no-fault interest from a simple rate to a compound rate. In opposition, defendant, relying on 11 NYCRR 65-3.9 (d), argued that plaintiff's "unexplained delay of over fifteen years in entering a judgment and in otherwise prosecuting the action" should preclude any award of interest, simple or compound.
In an order entered March 27, 2018, the Civil Court (David M. Hawkins, J.) denied plaintiff's motion and, sua sponte, vacated the February 10, 2017 judgment. The court noted that plaintiff "may, if he chooses, move to enter a judgment based upon the 'settlement' of the [*2]underlying action in the amount of $2,705.00, with no prejudgment" statutory no-fault interest. The court further noted that plaintiff would then "be entitled to post-judgment interest measured from the date of entry at the rate of 'nine percent per annum.' " The court reasoned that the action was settled on December 14, 2001, with plaintiff agreeing to accept the principal sum of $2,705 and that plaintiff's delay of about 15 years before entering judgment was an undue delay in prosecuting the action and, thus, plaintiff was not entitled to recover 15 years of accrued interest. The court noted that defendant had not cross-moved to vacate the February 10, 2017 judgment, but that it took into consideration defendant's argument that, pursuant to 11 NYCRR 65-3.9 (d), plaintiff was not entitled to any interest as part of the judgment. The court further stated that, since plaintiff did not indicate whether the December 14, 2001 settlement was "made in open court, reduced to writing, or so-ordered by the Court, nor has he provided a written stipulation or a transcript of the settlement," there is no indication that the settlement met the requirements of CPLR 2104 and, thus, the settlement was "not binding or enforceable upon the Defendant until a judgment was entered on February 10, 2017." A judgment was entered on March 12, 2024 awarding plaintiff the total sum of $2,705.
Plaintiff correctly argues that the Civil Court erred in tolling the prejudgment statutory no-fault interest. Once the case settled, defendant was obligated to pay the agreed-upon amount to plaintiff (see CPLR 5003-a) and "plaintiff, as the prevailing party, was not required to make a demand for the money" (Seaside Rehabilitation v Allstate Ins. Co., 63 Misc 3d 162[A], 2019 NY Slip Op 50918[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] [internal quotation marks omitted]; see CPLR 5003-a [e]; NCT Diagnostics, Inc. v Countrywide Ins. Co., 77 Misc 3d 133[A], 2022 NY Slip Op 51247[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). While the court noted that plaintiff had not submitted proof that it complied with the provisions of CPLR 2104, the judgment states that it was entered "per stipulation of the parties," defendant did not move to vacate the judgment as having been improperly entered pursuant to the stipulation, nor has defendant appealed from the judgment, and defendant does not deny that the parties agreed to settle the case. In the absence of evidence to the contrary, this court presumes that the judgment was properly entered pursuant to a properly executed settlement (see CPLR 2104, 5003-a; see also Seaside Rehabilitation v Allstate Ins. Co., 2019 NY Slip Op 50918[U]). Moreover, defendant did not demonstrate that plaintiff had prevented defendant from paying the settlement amount (see ERHAL Holding Corp. v Rusin, 252 AD2d 473 [1998]; Juracka v Ferrara, 120 AD2d 822 [1986]; Craniofacial Pain Mgt. v Allstate Ins. Co., 61 Misc 3d 155[A], 2018 NY Slip Op 51825[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Therefore, the Civil Court erred in tolling the accrual of statutory no-fault interest until entry of the judgment (see Seaside Rehabilitation v Allstate Ins. Co., 2019 NY Slip Op 50918[U]). In addition, claims submitted before April 5, 2002, such as the one herein, are governed by former 11 NYCRR 65.15 (h), which provides for compound interest (see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 156 [2021]; Belt Parkway Imaging, P.C. v State Wide Ins. Co., 30 Misc 3d 127[A], 2010 NY Slip Op 52229[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Consequently, statutory no-fault interest of 2% per month should be calculated at a compounded rate.
We note that, while the court's March 27, 2018 order states that plaintiff would be entitled to postjudgment interest at the rate of nine percent per annum (see CPLR 5004), that is not the correct rate of interest because "Insurance Law § 5106 (a) and former 11 NYCRR 65.15 (h), which were specific directives, supersede the interest provisions contained in CPLR 5004, the more general statute" (Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d at 156).
Accordingly, the judgment, insofar as appealed from, is reversed, so much of the March 27, 2018 order as denied plaintiff's motion and, sua sponte, tolled the accrual of prejudgment statutory no-fault interest is vacated, plaintiff's motion is granted, and the matter is remitted to the Civil Court for the entry of a new judgment in accordance with this decision and order.
BUGGS, J.P. and QUIÑONES, J., concur.
OTTLEY, J. taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2025