Longevity Med. Supply, Inc. v New York City Tr. Auth. (2025 NY Slip Op 52018(U))

[*1]

Longevity Med. Supply, Inc. v New York City Tr. Auth.

2025 NY Slip Op 52018(U)

Decided on December 17, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 17, 2025
Civil Court of the City of New York, Kings County

Longevity Medical Supply, Inc., a/a/o NIJ, ANDRES, Plaintiff,

against
New York City Transit Authority, Defendant.

Index No. CV-737529-17/KI

The Rybak Firm PLLC, Brooklyn, for Plaintiff
Gottlieb Ostrager LLP, Armonk, for Defendant

Sandra E. Roper, J.

Recitation, as required by CPLR §2219(a) of the papers considered in review of this Motion:
Papers
Notice of Motion and Affidavits Annexed NYSCEF 2-4
Answering Affidavit NYSCEF 8-10
Replying Affidavits
Exhibits
Other NYSCEF 16-17
Upon the foregoing cited papers, after oral argument on September 30, 2025, the Decision/Order on Plaintiff's Motion for Summary Judgment, is as follows:
It is well established and incontrovertible, consistent with the legislative intent that the literal statutory interpretation as to 2% punitive interest is to be assessed to no-fault mandatory and additional personal injury protection benefits overdo and owing calculated upon the principal amount of benefits (Insurance Law § 5106 [a]; 11 NYCRR 65-3.9 [a]; NY Comp Codes R & Regs. Tit. 11, § 65-3.9 [a] [2005] [Regulation 68-C] see, (Matter of Lam Quan MD, P.C. v LM Gen. Ins. Co., 239 AD3d 654 [2d Dept 2025] citing (Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 159 [2d Dept 2021]). Plaintiff relies heavily upon BZ in its argument that 2% interest is to be assessed for the amounts due and owing for pure-interest only in this instant matter. However, there is a significant distinguishing procedural distinction herein. In the case at bar, there is no judgment entered here. Rather, this is Plaintiff's Motion for [*2]Summary judgment de novo. Defendant by its pure-principal total payment of the bill for benefits due in the amount of $1,309.27 on 6/17/2020 in full of the mandatory and additional personal injury protection benefits overdo and owing pre-judgment extinguishes the 2% penalty pursuant to the literal reading of the statute and is not contradicted by BZ since no judgment entered here. This Court acknowledges that the pre-judgment interest accrued from 9/16/2016 (the date no-fault benefits were due and owing for Defendant's failure to pay, deny or toll) until 6/17/2020 (the date pure-principal payment of no-fault benefits due and owing were paid in full by Defendant) is to be assessed at the 11 NYCRR 65-3.9 (a) 2% penalty interest pre-judgment. Plaintiff errs in its argument that BZ considered pre-judgment interest as it states: "One reason for disagreement is that BZ would have had no reason to believe that it would receive interest, at whatever point in the postjudgment time line, other than at the 2% per month rate required as a matter of law by Insurance Law § 5106 and former 11 NYCRR 65.15 (h). The remedies of CPLR 5019 (a) were simply not required, whether the right to interest in the underlying action be cast as a substantive or a non-substantive right"(Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 157 [2d Dept 2021]). The BZ judgment was entered on November 15, 2001, and pure-principal no-fault benefits were paid without any interest post-judgment in 2015, which is inapposite here. Here, Defendant paid pure-principal benefits in full whereas it failed to pay any accrued pre-judgment penalty interest of 2%, which is statutorily deemed mandatory and non-waivable for any principal of no-fault benefits overdo and owing, which is Ordered to be paid upon calculation.
However, it is not so where pure-principal of no-fault benefits paid in full leaving only the 2% accrued pure-interest due and owing. This Court does not find that it is the legislative intent to assess compounded punitive 2% interest solely upon pure-interest due and owing after pure-principal payment of no-fault benefits paid in full pre-judgment. BZ is silent as to such a pre-judgment payment scenario as here. Rather, BZ addresses the issue as to whether payment in full of pure-principal no-fault benefits without any interest paid post-judgment renders 11 NYCRR 65-3.9 (a) punitive 2% interest controlling as opposed to CPLR 5004 general 9% interest. BZ held that punitive 2% interest is controlling as conceded by defendant's own mathematical calculations of post-judgment interest paid at the 11 NYCRR 65-3.9 (a) punitive 2% interest although in contravention to its legal argument that post-judgment interest should be assessed at CPLR 5004 general 9% interest. 
"Another equally important reason for our disagreement with our colleague involves an issue of mathematics rather than law. When Allstate paid the initial amount of $8,842.49, and made a subsequent payment of $14,157.21, to bring its combined total to $22,999.70, the interest paid at those times by Allstate reflects, by mathematical computation of dates and rates, a 2% per month rate of interest, compounded. Taking into account the judicially-imposed tolling period, there were 53 months for which interest was owed between the entry of the judgment on November 15, 2001, and November 1, 2005, and between June 19, 2015, and the payment of $14,157.21 on December 1, 2015, which was a pure-interest payment. Two percent interest for each of those months, with a modest additional sum for compounding, explains how the $14,157.21 payment was computed. This means that for many years prior to and into December 2015, there was never any controversy between the parties as to the proper rate of compounded interest that was to be applied to the judgment. By its actions, Allstate, in paying interest computed at 2% per month compounded, agreed with BZ that the proper rate was that required by [*3]Insurance Law § 5106 and former 11 NYCRR 65.15 (h). Had Allstate believed that the proper rate of post-judgment interest was 9% per year, it would have tendered a much smaller sum on December 1, 2015, representing the lesser annual 9% CPLR amount.
"Only after Allstate had paid BZ the interest of $14,157.21, computed at 2% per month compounded, did Allstate then file a motion in the Civil Court seeking to compel the filing of a satisfaction of judgment. The filing of a satisfaction of judgment raised nothing more than a procedural issue for the court. At that point in time, there was still no controversy between the parties about the rate of interest owed on the underlying judgment. BZ had no reason at that time to raise any issue about the rate of interest in the absence of any controversy over it. Indeed, it might have been frivolous for BZ to have raised at that time the issue of the rate of interest, as the interest had been paid by Allstate using the higher 2% per month rate compounded and represented no controversy. The applicable interest rate remained a nonissue as the parties' litigation proceeded from the Civil Court to the Appellate Term over whether interest should have been equitably tolled, having nothing to do with the rate of its computation.
"Controversy over the proper rate of interest never arose until it was created, sua sponte, by the Appellate Term's gratuitous advisory language in its decision and order dated August 18, 2017. As noted, the Appellate Term's advisory language about its suggested rate of interest was incorrect as a matter of law. Upon the issuance of the August 18, 2017 decision and order, BZ promptly sought to litigate the point by filing a motion for a clarification, and prosecuted two motions at both the Appellate Term and this Court for leave to appeal to this Court. Therefore, and contrary to the view of our dissenting colleague, this is not a circumstance which is sometimes seen in the subject area of res judicata or collateral estoppel, where a party had an "opportunity" to litigate an issue so as to be precluded from doing so in a later proceeding. There was no dispute about the proper rate of interest for the parties to actually litigate until one was unnecessarily created by the Appellate Term on August 18, 2017. This Court denied leave to appeal on March 2, 2018. The first petition filed by BZ in the Supreme Court seeking, inter alia, a declaratory judgment as to the proper rate of interest was filed only 2½ months later" (Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 157-158 [2d Dept 2021]).
Further, Plaintiff's reliance on the holdings of 2% controlling interest in pre-judgment and post-judgment matters resulting from breach of stipulation of settlements, are similarly distinguishable from this instant matter. (Berenblit v Country Wide Ins. Co., 85 Misc 3d 135[A], 2025 NY Slip Op 50487[U] [App Term 2025] citing Seaside Rehabilitation v Allstate Ins. Co., 63 Misc 3d 162[A], 2019 NY Slip Op 50918[U] [App Term 2019]); see CPLR 5003-a [e]; NCT Diagnostics, Inc. v Countrywide Ins. Co., 77 Misc 3d 133[A], 178 NYS.3d 367, 2022 NY Slip Op 51247[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022)]. Unlike BZ and breach of settlement cases, in this instant matter the no-fault mandatory and additional personal injury protection benefits were not overdo nor owing, but rather paid in full, leaving exclusively pure-interest due and owing,
Upon no appellate authority which conclusively provides that the scenario herein warrants 11 NYCRR 65-3.9 (a) 2% penalty interest to be assessed compounded pre-judgment pure-interest, for the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted to [*4]the following extent: Defendant has established that the principal no fault benefits or the bill for which Plaintiff sought payment was paid in full on 06/17/2020, conceding no triable issue of fact and sole issue herein is the assessment of interest calculation and as such Plaintiff is limited to recovery as follows:
1. Pre-judgment Penalty of 2% simple interest pro-rated daily (30 day month) on the bill amount of $1,309.27 in suit due and owing from 09/16/2016 to 06/17/2020, ($1,309.27 x (.02 x (1,371/30))) = $1,196.67 in simple interest., which converts to the amount in controversy as the principal debt amount due and owing, upon which all further interest payments are to be calculated proceeding hereafter;
2. Pre-judgment 9% statutory interest from 06/17/2020 to 01/17/2021 on the due and owing principal of debt $1,196.97 x (.09 x (214/365)) = $63.16
3. Interest tolled from 01/18/2021 to 02/02/2023; Plaintiff's inactivity in the exercise of judicial discretion;
4. Pre-judgment 9% statutory interest resuming from 02/03/2023 to 12/16/2025 on the due and owing principal of debt $1,196.97 x (.09 x (1,048/365)) = $309.31
5. Accrued due and owing amount in Favor of Plaintiff up to 12/16/2025, equals principal of $1,196.67 plus pre-judgment interest as of 12/16/2025 in the amount of $372.47 as calculated supra = $1,569.14.
6. ORDERED, Clerk to continue from 12/17/2025 to add pre-judgment per-diem 9% statutory interest on the principal amount of $1,196.67 up to entry of judgment, converting thereafter to post-judgment 9% statutory interest to be added to the amount of $1,569.14, with attorney fees, costs and disbursements.
For the foregoing reasons, Judgment Granted in favor of Plaintiff in the amounts as indicated.
This constitutes the Decision and Order of the Court.
DATE December 17, 2025
HON. SANDRA E. ROPER