Pacific Med. Servs., P.C. v Country-Wide Ins. Co.

2026 NY Slip Op 50808(U)

May 22, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Interest—Actions in Which Recoverable--No-Fault Automobile Insurance

Pacific Medical Services, P.C., as Assignee of Charles E. Smith, Appellant,

v

Country-Wide Insurance Co., Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts

Decided on May 22, 2026

2025-196 Q C

Present: : Chereé A. Buggs, J.P., Wavny Toussaint, Karen Lin, JJ

Glinkenhouse Queen, Esqs. (Alan Queen of counsel), for appellant.
Thomas Torto, for respondent.

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered January 6, 2025. The judgment, insofar as appealed from, awarded plaintiff the principal sum of $2,705 pursuant to a stipulation of settlement, and failed to award statutory compounded no-fault interest. The appeal from the judgment brings up for review an order of the same court dated April 3, 2018 denying plaintiff's motion to recalculate the statutory no-fault interest using a compound, not simple, rate and, sua sponte, tolling the accrual of all such interest.

[*1]

ORDERED that the judgment, insofar as appealed from, is reversed, with $30 costs, the April 3, 2018 order denying plaintiff's motion to recalculate the statutory no-fault interest using a compound, not simple, rate and, sua sponte, tolling the accrual of all such interest is vacated, plaintiff's motion is granted, and the matter is remitted to the Civil Court for the entry of a new judgment in the principal sum of $3,156.88 and in accordance with this decision and order.

This action by a provider to recover assigned first-party no-fault benefits was marked as "Settled" at a November 30, 2009 court appearance. Defendant did not pay the settlement amount and a judgment was subsequently entered entered in favor of plaintiff on January 12, 2017, pursuant to CPLR 5003-a, in the principal amount of $3,156.88 and awarding plaintiff statutory no-fault interest at a simple rate. Plaintiff then moved, pursuant to CPLR 5019 (a), to, in effect, correct the judgment by recalculating the statutory no-fault interest from a simple rate to a compound rate. In an order dated April 3, 2018, the Civil Court (David M. Hawkins, J.) denied plaintiff's motion and, sua sponte, vacated the judgment and tolled the accrual of interest. A judgment was entered on March 12, 2024 pursuant to the order, awarding plaintiff the total sum of $2,705.

Plaintiff correctly argues on appeal that the principal sum of the judgment does not accurately reflect the amount agreed upon in the settlement, which was $3,156.88, and that the [*2]Civil Court erred in denying plaintiff's motion and sua sponte tolling the interest (see Berenblit v Country Wide Ins. Co., 85 Misc 3d 135[A], 2025 NY Slip Op 50487[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]).

Accordingly, the judgment, insofar as appealed from, is reversed, the April 3, 2018 order denying plaintiff's motion to recalculate the statutory no-fault interest using a compound, not simple, rate and, sua sponte, tolling the accrual of all such interest is vacated, plaintiff's motion is granted, and the matter is remitted to the Civil Court for the entry of a new judgment in accordance with this decision and order.

BUGGS, J.P., TOUSSAINT and LIN, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 22, 2026